### Edna T. Jensen v. State of Vermont and Lane Construction Company

[388 A.2d 421]

No. 40-77

Present: Barney, C.J., Daley, Larrow and Hill, JJ. and Keyser, J. (Ret.), Specially Assigned

Opinion Filed June 6, 1978

*Weber, Fisher, Perra & Gibson,* Brattleboro, for Plaintiff.

*M. Jerome Diamond,* Attorney General, and *Richard M. Finn,* Assistant Attorney General, Montpelier, for State.

*Dick, Hackel & Hull,* Rutland, for Lane.

**Per Curiam.** Appellant claimed that appellees' negligent design and construction of a highway caused water damage to appellant's home. Appellees moved for summary judgment on grounds of res judicata and collateral estoppel, arguing that appellant's claims had been adjudicated in a previous action. The motion for summary judgment was granted and appellant brings this appeal.

In 1969, the State Highway Board condemned a portion of the land on which appellant's home is situated. Appellant appealed the condemnation award offered by the Board and, following trial in the Rutland Superior Court, was awarded damages for the value of the land taken and for the diminution in value of the remaining land. In that appeal, appellant testified that part of the claimed diminution in value of her remaining land was due to flooding in her cellar. This flooding allegedly started in the spring of 1970. The court in the condemnation appeal instructed the jury that, in determining the diminished value of appellant's remaining land, they could consider the flooding of her cellar "if you find from all the evidence that water . . . in the cellar was caused by the taking." On these facts, the trial court in the present action found appellant's claims to have been litigated previously and granted summary judgment for both defendants. We reverse.

The doctrines of res judicata and collateral estoppel are conclusive as to a plaintiff's claims only when those claims were adjudicated or could properly have been adjudicated in a previous action. *Town of Waterford* v. *Pike Industries, Inc.,* 135 Vt. 193, 194, 378 A.2d 528, 529 (1977). The previous

action said to have determined appellant's claims in this case was an appeal of a condemnation award. The only issue in an appeal of a condemnation award is the amount of damages due a landowner for the taking of his property. These damages are measured by the value of the parcel appropriated, together with the difference in the fair market value of the remaining property immediately before, and immediately after, the taking. 19 V.S.A. § 221(2). *Childrens' Home, Inc.* v. *State Highway Board,* 125 Vt. 93, 95, 211 A.2d 257, 259–60 (1965). The taking involved in appellant's earlier appeal occurred on May 8, 1969. The flooding in appellant's cellar did not occur until approximately one year later, and, as far as the record in this case shows, there was no testimony that flooding was foreseeable as of May 8, 1969. Under these circumstances it is clear that the jury in the appeal of the condemnation award could not have considered the flooding of the cellar in determining the value of appellant's property "immediately after" the taking. Since appellees' responsibility for the flooding of the cellar could not have been at issue in the earlier action, the granting of summary judgment on grounds of res judicata and collateral estoppel was error.

*Vacated and remanded for further proceedings.*