# City of Barre v. Town of Orange

[430 A.2d 444]

No. 143-80

Present: Barney, C.J., Billings, Hill and Underwood, JJ.

Opinion Filed April 7, 1981

*John F. Nicholls*, City Attorney, Barre, for Plaintiff.

*Otterman and Allen, P.C.*, Bradford, for Defendant.

**Billings, J.** This is an appeal by the plaintiff, City of Barre, from an order of the Orange Superior Court dismissing plaintiff's complaint for declaratory judgment.

The City owns approximately 1,250 acres of land in the Town of Orange. In 1971, this property was appraised at $577,500. On appeal to the State Tax Appeal Board, this appraisal was reduced to $218,050. The Town unsuccessfully attempted to appeal that decision. *In re City of Barre*, 134 Vt. 519, 365 A.2d 519 (1976). Under 32 V.S.A. § 4468 the appraisal set by the Board is normally effective for the year in question and for the two succeeding years. As the City had paid the tax on the higher appraisal it was entitled to a tax credit for the years involved. 32 V.S.A. § 4469. The Town did credit the city's tax bill in 1977 and 1978 for overpayments in 1971 and 1972 but in 1979 refused to give the City a credit for the 1973 taxes. In 1973 the Town had conducted a general reappraisal of all taxable property, assessing the plaintiff's property at $392,416. The City appealed this appraisal under 32 V.S.A. § 4461. In 1977, after the 1971 appeal was finally resolved in favor of the City, the City agreed to a dismissal with prejudice of its 1973 tax appeal. In 1979, when the Town refused to give the City credit for the 1973 taxes, the City brought this complaint for declaratory judgment to determine what the 1973 appraisal value should have been. The trial court dismissed the complaint, holding that the City's action was barred by the doctrine of res judicata because of the dismissal with prejudice of the 1973 action. The City is appealing from this order.

The City argues that under 32 V.S.A. § 4468 the appraisal value for 1973 was fixed by the Board's decision in the 1971 appeal. That section, for the year in question, provided in part:

[T]he appraisal so fixed . . . shall become the basis for the grand list of such taxpayer for the year in which the appeal is taken and, if the appraisal relates to real estate, for the two next ensuing years. The appraisal, however, may be changed in the ensuing two years if the taxpayer's property is materially altered, changed or damaged.

No. 253, 1969 Vt. Acts (Adj. Sess.). 32 V.S.A. § 4468 now provides that such an appraisal may be changed in the event of a general reappraisal, but only for tax years beginning after April 1, 1974. The City argues that the appraisal for 1973 was fixed by the 1971 action, and that relitigation of that appraisal was therefore barred by the doctrine of res judicata.

■■■ The doctrine of res judicata, however, only applies to issues that were or could have been adjudicated in the earlier action. *Jensen* v. *State*, 136 Vt. 200, 388 A.2d 421 (1978); *Town of Waterford* v. *Pike Industries, Inc.*, 135 Vt. 193, 373 A.2d 528 (1977). In the 1971 appeal, the only issue was the appraisal value of the City's property in that year. The appraisal value in 1973 was not and could not have been decided in the 1971 appeal. It is true that 32 V.S.A. § 4468 would normally have required that the 1971 appraisal be applied to 1973. However, once the Town had reappraised the City's property, the City should have followed the normal appeal procedures of 32 V.S.A. § 4461 if it believed the reappraisal to be improper. In appealing the 1973 reappraisal the City could have raised the 1971 decision. That decision established the property value for 1971, and the appraisal for that year could not have been relitigated. Under 32 V.S.A. § 4468, as then written, that appraisal would have applied to 1972 and 1973, unless the Town could have shown a material change in the property, *id.,* or unless the Town could have prevailed on the constitutional claim raised here, based on the proportional contribution clause of the Vermont Constitution. Ch. I, Art. 9. We need not reach the constitutional claim, because the City did not pursue its 1973 appeal. It agreed to a dismissal with prejudice.

■■■ Where the trial court enters an order of dismissal pursuant to V.R.C.P. 41(a)(2) as it did in the present case, the question of res judicata is in the court's discretion. See

440

Reporter's Notes, V.R.C.P. 41(a). The trial court entered an order dismissing the 1973 appeal with prejudice. This was an adjudication on the merits and established the 1973 property appraisal at $392,416. See *Alma Realty Co.* v. *Sugarbush Valley Corp.*, 136 Vt. 406, 408, 392 A.2d 379 (1978); *Cody* v. *Estate of Cody*, 134 Vt. 113, 114, 352 A.2d 684 (1976). In the present action the plaintiff is attempting to relitigate the appraisal for 1973, but is barred by the doctrine of res judicata.

 Even if the 1973 appraisal had somehow been determined in the 1971 action, the City would still be barred from contesting that appraisal now. Generally, when there are two inconsistent judgments between the same parties, the later in time prevails over the earlier. *Cootey* v. *Remington*, 108 Vt. 441, 444–45, 189 A. 151 (1937); Restatement of Judgments § 42 (1942). Although res judicata will normally bar relitigation of a claim, the prior judgment must be raised in the subsequent action by the party who claims the benefit of the doctrine. *Chapman* v. *Chapman*, 118 Vt. 166, 102 A.2d 849 (1954); *Tung-Sol Lamp Works, Inc.* v. *Monroe*, 113 Vt. 228, 32 A.2d 120 (1943). The City did not raise the doctrine in its 1973 action, and therefore it cannot now claim the benefit of the doctrine. To the extent the 1971 action and the 1973 action are inconsistent, the 1973 action prevails. By the dismissal in that action, the City lost its claim for a change in the appraisal value of its property for the year 1973.

It should be further noted that the result reached here is fair and equitable as the City would otherwise get the benefit of the lower tax rate resulting from the 1973 general reappraisal which would be applied to the obsolete appraisal valuation determined in the 1971 appeal.

*Affirmed.*