**In re GERALD COSTELLO GARAGE**

[614 A.2d 389]

No. 91-379

June 26, 1992. The owner of two contiguous parcels of land in the Town of Dover appeals from an Environmental Board order declaring

---

that he should have applied for a permit before commencing construction of a garage on his property, and requiring him to obtain a permit. We affirm.

Appellant acquired one of the parcels, about three acres, in 1967 and the second, about an acre, in 1978. In late 1990 or early 1991 he constructed a garage for commercial purposes on the portion he acquired in 1978. At the time construction commenced, he had not applied for an Act 250 permit, nor had he sought a ruling as to whether a permit was required. Based on the absence of permanent zoning and subdivision laws in the Town and the combined acreage in appellant's properties, the assistant coordinator of the District Environmental Commission issued an advisory opinion concluding that an Act 250 permit was required, because appellant had commenced construction of improvements for commercial or industrial purposes on a tract or tracts of more than one acre, within the meaning of 10 V.S.A. § 6001(3).

Appellant petitioned the Environmental Board for a declaratory ruling on the issue, arguing that only the acreage of the 1978 lot on which the garage was constructed should be considered in determining jurisdiction, not the 1967 adjacent parcel, leaving the project in compliance with the statute. The Board disagreed. Citing the definition of "development" in Environmental Board Rule 2(A)(2), and relying on an earlier declaratory ruling, the Board concluded that a permit was required because appellant's land was a single tract for purposes of 10 V.S.A. § 6001(3).

Appellant's first argument, that the Environmental Board exceeded its powers in promulgating Rule 2(A)(2), must be rejected in light of

*In re Spencer*, 152 Vt. 330, 336, 566 A.2d 959, 962 (1989), where we held that the Legislature ratified and validated "all Board rules relating to the administration of Act 250." The rule at issue in *Spencer* was Rule 2(A)(6), but there is no dispute that Rule 2(A)(2) was subject to precisely the same ratification and is valid for the reasons set forth in that case.

Next, appellant argues, in effect, that the Board misconstrued its own regulation in failing to consider whether his two parcels were "involved land" under Rule 2(A)(2), suggesting that if the larger parcel was not "involved" in the garage construction, its mere contiguity to the parcel on which the garage was located would not trigger Act 250 jurisdiction. Reading the Rule as a whole, the Board was reasonable in determining that two contiguous parcels were a "tract" within the meaning of the phrase "tract or tracts of land of more than one acre owned or controlled by a person." We defer to the Board in its interpretation of Act 250 and the Board's rules. See *In re Quechee Lakes Corp.*, 154 Vt. 543, 549, 580 A.2d 957, 961 (1990).

The only place the phrase "involved land" is found in Rule 2(A)(2) is in a clause relating to the measurement of the land area of the tract or tracts referred to earlier in the Rule. There is no support in the text of the Rule for a requirement of "involvement" in the sense of a functional relationship between two contiguous parcels of land in common ownership, where commercial construction has commenced on one of the parcels. Board Rule 2(F)(1), defining "involved land," omits the criterion of a functional relationship between contiguous parcels of land.

*Affirmed.*