**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

|  |  |  |
|---|---|---|
| | } | |
| **Re: Bethel Mills, Inc.** | } | **Docket No. 243-11-05 Vtec** |
| **Jurisdictional Opinion #3-97** | } | |
| | } | |

### Decision on Appellant's Motion for Summary Judgment

This matter concerns an appeal by Bethel Mills, Inc. (Appellant) from a Jurisdictional Opinion (JO) of the District 3 Environmental Coordinator, dated October 20, 2005. The Coordinator concluded that an abutting 0.61-acre parcel of land acquired by Appellant in 1998, which adjoins Appellant's 2.93-acre tract of land containing its lumber yard operations, is "involved land" to which Act 250 jurisdiction is attached. Bethel Mills is represented by C. Daniel Hershenson, Esq. No other party has appeared in this proceeding. Appellant has filed an unopposed motion for summary judgment.

### Factual Background

The following facts are undisputed unless otherwise noted.

1.      Appellant owns a 2.93-acre parcel of land located on North Main Street in the Industrial zoning district of the Town of Bethel (Town).

2.      Appellant operated a sawmill on the 2.93-acre parcel from 1781 until the mid-1970's.

3.      In the mid-1970's to mid-1980's, Appellant ceased operating a sawmill and made environmental and aesthetic improvements on the 2.93-acre parcel.

4.      From the early 1990's until the present Appellant has used the 2.93-acre parcel for the operation of a lumber yard and retail hardware commercial use.

5.      The 2.93-acre parcel is wholly located in the Industrial zoning district.

6. Sometime in the 1980s, Appellant constructed improvements on the 2.93-acre parcel, including a 19,000-square-foot warehouse, wood storage racks and sheds, site paving and related infrastructure. Appellant did not seek or receive an Act 250 permit for these improvements prior to construction.

7. At some time thereafter (a specific date is not revealed by the record in this appeal), a determination was made that the improvements Appellant previously constructed constituted a "substantial change" to the development on the 2.93-acre parcel. Thus, even though the former sawmill pre-dated the implementation of Act 250, Appellant was required to obtain an Act 250 permit for the previously constructed improvements. As a result of that determination, the following were issued by the District Commission and the former Environmental Board:

a. Land Use Permit #3W0898, issued by the District Commission on March 3, 2004;

b. Findings of Fact and Conclusions of Law, also issued by the District Commission on March 3, 2004, to accompany the above referenced Permit;

c. Memorandum of Decision issued by the District Commission on May 21, 2004, in which the Commission granted in part and denied in part Appellant's motion to alter the previously issued Permit, Findings and Conclusions. On that same day, the Commission also issued its altered Permit, Findings and Conclusions.

d. Findings of Fact, Conclusions of Law and Order issued by the former Environmental Board on August 4, 2005.

8. At some point prior to 1998, Appellant purchased a half-acre of land from an adjacent residential property owner, Richard Mills, to settle a boundary line issue.

9. In 1998, Appellant purchased the remaining 0.61-acre parcel of land owned by Richard Mills (the "Mills Parcel"). The Mills Parcel is improved with a residential structure and outbuilding. The total area of Appellant's contiguous land

holdings is 4.04 acres, including the lumber yard, the Mills Parcel, and the half-acre previously purchased from Richard Mills.

10. The Mills Parcel is located entirely within the Village Residential zoning district. It appears that the common boundary between the Mills Parcel and Appellant's remaining land may also form the boundary line between this residential zoning district and the Industrial zoning district.

11. On November 28, 2000, the Town Development Review Board denied Appellant's request to utilize the Mills Parcel for industrial use, on the ground that such use is not allowed in the Village Residential zoning district.

**Procedural Background**

The issue of whether Act 250 jurisdiction attaches to the Mills Parcel has been addressed several times by others, including the District 3 Environmental Commission, the Environmental Board, and the District 3 Environmental Coordinator, whose opinion is the subject of this appeal.

On March 3, 2004, the District Commission issued Land Use Permit (LUP) #3W0898, together with Findings of Fact and Conclusions of Law, for the previously completed removal of the sawmill and construction of a storage building, wood storage racks and sheds, site paving, and related infrastructure. LUP #3W0898 states (in bold type) that "[j]urisdiction shall attach to the entire 4.04-acre tract of land, including the residential lot."

In that first application, Appellant requested that the District Commission limit jurisdiction, so that the Mills Parcel would not be encumbered by the LUP. Appellant's request was apparently based on the Environmental Board's 2001 decision in Re: Stonybrook Condominium Owners Assoc., Declaratory Ruling #385 (Vt. Envtl. Bd., May 18, 2001) ("Stonybrook"), in which the Environmental Board ruled that under certain circumstances the scope of the permitted project should be restricted to "something less

3

than the entire tract," <u>Stonybrook</u> at 18. The District Commission denied Appellant's request to limit jurisdiction, concluding that "the buildings on the residential lot [i.e.: the Mills Parcel] serve to buffer the noise and the light produced on the lumber storage lot," District Commission Findings and Conclusions dated March 3, 2004, at 13, and that "the 'aura' of the lumber storage lot spills onto the residential lot." The Commission used this rationale to deny the Applicant's request to limit jurisdiction. <u>Id</u>.

On March 18, 2004, Appellant filed with the District Commission a motion to alter LUP #3W0898 by, <u>inter alia</u>, adding a condition stating that the "property purchased by Bethel Mills from Richard Mills in 1998 . . . is hereby removed from the jurisdiction of this permit in accordance with [<u>Stonybrook</u>]." District Commission Memorandum of Decision dated May 21, 2004, at 5. The Commission denied Appellant's request to add such a condition, stating that:

> It is the permittee's burden to produce evidence convincing the Commission there is no "nexus" between the two tracts of land regarding the residential and commercial lot. There is a "nexus," a functional relationship, between the two tracts of land, relating directly to the production of noise and lighting on the industrial lot. The residential lot clearly provides a buffer for the residential neighborhood to the north. The permittee may not have purchased the residential lot with this in mind, but the "nexus" exists.

<u>Id</u>. at 3.

The District Commission's May 21, 2004 Memorandum of Decision was accompanied by LUP #3W0898(Altered), together with amended Findings and Conclusions. The altered Permit retained jurisdiction over the entire 4.04-acre tract of land, with the Commission stating in the introduction to its Findings that the "tract of land consists of 4.04 acres with 4.04 acres involved in the project area." <u>Id</u>. at 1. The altered Findings repeated the Commission's earlier finding as to the residential lot, and the Commission again denied Appellant's request that it limit jurisdiction so as to exclude the Mills Parcel from the Permit's jurisdiction.

4

On June 21, 2004, Appellant appealed the altered Permit and amended Findings to the former Environmental Board (Board), alleging that the Commission had erred by declining to exclude the Mills Parcel from the permitted project. The Board denied Appellant's request to limit the scope of the permitted project, stating that "[n]oise and light from the Project do affect the residential land, and the house, outbuildings and vegetation on the Mills Parcel provide some screening—both visual and aural—of the Project. Accordingly, the Board cannot grant Bethel Mills' request to reduce the scope of the permitted project under Stonybrook." Envtl. Bd.'s Findings, Conclusions, and Order in LUP #3W0898(Altered)-EB, at 16 (Vt. Envtl. Bd., Aug. 4, 2005).

The Board did not stop there, however, but went on to say that "[a]lthough it is beyond the scope of this permit appeal, the Board notes that the question of whether the Mills Parcel is involved land has not been addressed in any jurisdictional opinion . . . . Whether the Mills Parcel constitutes involved land under EBR 2(F), or whether it formerly did but no longer does, could be addressed by the appropriate district environmental coordinator upon request by Bethel Mills." Id.

Appellant subsequently requested a jurisdictional opinion (JO) from the District 3 Environmental Coordinator. On October 20, 2005, the Coordinator issued the requested JO, concluding that "because the Mills parcel is contiguous to the lumber yard, was purchased prior to the issuance of the Land Use Permit and serves a purpose for blocking light, noise and screening from the nearby residential homes, it is involved land and Act 250 jurisdiction attaches." Jurisdictional Opinion #3-97 Bethel Mills, Inc., at 4 (District 3 Envtl. Coordinator, Oct. 20, 2005). This appealed followed.[1]

---

[1] Between the time Appellant appealed the District Commission's March 18, 2004, Decision to the former Environmental Board and the District Coordinator issued her JO, jurisdiction over such appeals was transferred to this Court. 10 V.S.A. § 8504(a).

**Discussion**

We note at the outset that the Commission's introductory statement in the May 21, 2004 Permit that the "tract of land consists of 4.04 acres with 4.04 acres involved in the project area" is not determinative of the question of whether the Mills Parcel is "involved land" under Environmental Board Rule 2(F)(1). EBR (2)(F)(1) states in its entirety:

> (F) "Involved Land" includes: (1) The entire tract or tracts of land, within a radius of five miles, upon which the construction of improvements for commercial or industrial purposes will occur, and any other tract, within a radius of five miles, to be used as part of the project or where there is a relationship to the tract or tracts upon which the construction of improvements will occur such that there is a demonstrable likelihood that the impact on the values sought to be protected by Act 250 will be substantially affected by reason of that relationship. In the event that a commercial or industrial project is to be completed in stages according to a plan, or is part of a larger undertaking, all land involved in the entire project shall be included for the purpose of determining jurisdiction.

There is no evidence that the permitted lumber yard is part of a staged plan or larger undertaking, which could involve the Mills Parcel under the somewhat circular definition in the final clause of EBR (2)(F)(1) ("all land involved" shall be included as involved land). In fact, the current undisputed facts reveal an absence of a "staged plan." There now can be no commercial or industrial uses on the Mills Parcel, because it is located entirely within the Village Residential zoning district, where such uses are not allowed. See the November 28, 2000 DRB denial of Appellant's request to utilize the Mills Parcel for industrial use, on the ground that such use is not allowed in the Village Residential zoning district.

However, prior precedent suggests that the Mills Parcel, being a contiguous parcel under common ownership, is part of the "entire tract or tracts of land" on a portion of which commercial improvements have been constructed, even though no

6

construction has occurred on the Mills Parcel itself. See <u>Costello Garage</u>, 158 Vt. 655, 656 (1992) (Mem.) ("the Board was reasonable in determining that two contiguous parcels were a 'tract'"); <u>Stokes Communications</u>, 164 Vt. 30, 37 (1995) (stating that the "Board has construed a 'tract of land' for jurisdictional purposes to include all contiguous land in common ownership, regardless of the functional relationship between the parcels;" and citing <u>Costello</u> for the proposition that "contiguous parcels held in common ownership are involved land under Rule 2(F)(1).").

The <u>Costello</u> and <u>Stokes Communications</u> precedent could lead to a conclusion that the Mills Parcel is involved land, simply because it is part of the "entire tract or tracts of land, within a radius of five miles, upon which the construction of improvements for commercial or industrial purposes will occur," without reaching the "any other tract" clause of the definition. This would amount to a very broad rule providing that "if it is contiguous, it is involved," whereas the "any other tract" clause requires use as part of the project or a relationship to the improved tract.[2] We decline to subscribe to so broad a rule in this opinion. However, we conclude that the Mills Parcel fits the more narrow "involved land" rule relating to "any other tract" because it bears a relationship to the lumber yard that has been demonstrated in the proceedings below, and that relationship is likely to substantially affect the aesthetic values sought to be protected by Act 250.

The Mills Parcel is involved land, because it qualifies as "any other tract, within a radius of five miles, to be used as part of the project or where there is a relationship to the tract or tracts upon which the construction of improvements will occur such that there is a demonstrable likelihood that the impact on the values sought to be protected by Act 250 will be substantially affected by reason of that relationship." EBR (2)(F)(1).

---

[2] But see Costello, 158 Vt. 655, 656 (1992) ("Board Rule 2(F)(1), defining 'involved land,' omits the criterion of a functional relationship between contiguous parcels of land.").

One of the values sought to be protected by Act 250 is aesthetics, see 10 V.S.A. § 6086(a)(8) (Act 250 Criterion 8) ("Before granting a permit, the district commission shall find that the subdivision or development: . . . [w]ill not have an undue adverse effect on the scenic or natural beauty of the area, aesthetics, historic sites or rare and irreplaceable natural areas.").

The Mills Parcel, with its residential structure and outbuilding, sits between a commercial lumber yard and several residential properties. The evidence presented shows that the Mills Parcel marks the end of the Industrial zoning district and the beginning of the Village Residential district. Thus, the Mills Parcel acts as a buffer, which Appellant owns and controls, between its industrial development and the adjoining residences in the Village Residential district.

Appellant owned the Mills Parcel when it applied for its Act 250 permit, and the District Commission noted Appellant's ownership of the Mills Parcel several times in its March 3, 2004 Findings and Conclusions under Act 250 Criterion 8.[3] Those Findings included a discussion of noise monitoring that was conducted by Appellant on the residential property abutting the Mills Parcel on the side furthest from the lumber yard. The District Commission concluded that the noise levels on the residential property abutting the Mills Parcel were mitigated by the interposing residential structure and outbuilding on the Mills Parcel.

Appellant looks to the Supreme Court case of In re: Audet, 176 Vt. 617 (2004), and the Environmental Board's decision in Okemo Realty, Application #900033-2-EB (May 2, 1996) to support its argument that the Mills Parcel is not involved land. In Audet, the Court held that Act 250 jurisdiction did not attach to a parcel of land where the owner had begun and then quickly abandoned a use on the parcel that would have triggered Act 250 jurisdiction, had the use been continued. The parcel in question was

---

[3] See District Commission Findings and Conclusions dated March 3, 2004, at 5, 6, and 8.

8

separated by three-tenths of a mile from two other parcels owned by the same party. The two other parcels were contiguous, and were treated as one tract by the Court. However, the contiguous parcels together occupied less than one acre. Thus, Act 250 jurisdiction would not attach unless the third non-contiguous parcel was included as involved land.

The Audet Court based its holding on a finding that the "village business [on the contiguous parcels] occupies less than one acre, and has no connection with any other parcel." Audet, 176 Vt. at 621. Here, however, the Mills Parcel is connected to the business use, both by sharing a common boundary and because the residential structure and outbuilding screen the commercial lumber yard from the other residential properties in the adjoining zoning district. In addition, the question in Audet was whether Act 250 jurisdiction would attach at all to any of the parcels under common ownership, whereas here Act 250 jurisdiction has already attached to the lumber mill project area.

In Okemo Realty, the Board concluded that:

the Kondracki parcel does not constitute involved land [under 10 V.S.A. § 6001(3) and EBR 2(F)], based on all of the following circumstances: (a) this is a renewal application; (b) the Applicant acquired the Kondracki parcel almost two decades after the Original Permit was issued; (c) this application concerns the Project, which is only a portion of the Subdivision; and (d) the Applicant proposes no activity for the Kondracki parcel.

Okemo Realty, Application #900033-2-EB (May 2, 1996) (emphasis added). Here, however, Appellant purchased the Mills Parcel in 1998, and subsequently applied for and received Land Use Permit #3W0898 in 2004 for the previously constructed improvements. The Commission took Appellant's ownership of the Mills Parcel into account in issuing the March 3, 2004 Permit and May 21, 2004 Altered Permit. Appellant's ownership of the Mills Parcel thus provided Appellant with a buffer from

9

the nearby residential properties which contributed to the Commission rendering positive findings under Criterion 8.[4]

Although Appellant's motion is unopposed, our procedural Rules provide that "summary judgment when appropriate may be rendered against the moving party." V.R.C.P. 56(c)(3).  We conclude that such a result is appropriate in this case.  The Mills Parcel constitutes involved land under EBR (2)(F)(1).  It is therefore subject to Act 250 jurisdiction.  The consequence of this determination is that the pending appeal is **DISMISSED.**

Done at Berlin, Vermont, this 19th day of April, 2006.

_____

Thomas S. Durkin, Environmental Judge

---

[4] Had Appellant not owned the Mills Parcel at the time it applied for its Act 250 approval of the previously constructed improvements, we are left to wonder what adverse impacts the then Mills Parcel owner could have asserted before the District Commission.