**STATE OF VERMONT**
**ENVIRONMENTAL COURT**



|  |  |  |
|---|---|---|
| **In re: Lefgren Act 250 Appeal** } | | **Docket No. 28-2-07 Vtec** |
| **(JO #3-109 & 3-110)** } | | |

**In re: Lefgren Act 250 Appeal** }          **Docket No. 240-11-07 Vtec**
**(incomplete application determination)** }

## Decision and Order

The impetus for the appeals at issue here was the concern by the property owner—Appellant John C. Lefgren, together with his corporations, Times and Seasons LLC and Land of Joseph Sugarhouse LLC, (hereinafter collectively referred to as Appellants)—that the District #3 Environmental Commission Coordinator ("District Coordinator") was improperly requiring Appellants to seek an amendment to a previous Act 250 permit.

By way of the pending motion, Appellants assert that they are entitled to summary judgment.[1]  For purposes of the pending motion, we understand that the following procedural and substantive material facts are undisputed:[2]

## Factual Background

1.      Mr. Lefgren currently holds title in his personal name to several adjoining properties along Dairy Hill Road in Royalton.  The first property he purchased contains 10.2± acres ("10.2 acre parcel").  Mr. Lefgren constructed a house on this parcel, to be used as a private retreat for his family.  He thereafter made improvements to the house and converted it into a three bedroom bed and breakfast, open to the public.  These improvements were the subject of Act 250 Land Use Permit #3W0839.

2.      Appellants then sought authority for several other improvements to Mr. Lefgren's properties.  Some of those efforts did not lead to permit approval, although the improvements sought are sometimes referenced in the jurisdictional opinions now subject to our review in the

---

[1]  The pending motion was filed on Appellants' behalf by their attorney, David L. Grayck, Esq.

[2]  Determining the undisputed facts in these appeals has been a fairly simple exercise, since most facts presented by Appellant are supported by references to the prior permit record and, save for the Land Use Panel of the Vermont Natural Resources Board, no other party has appeared in either of these appeals.  Nonetheless, we note that the factual background represented here is solely for the purpose of assessing the pending motion and does not constitute factual findings by this Court.  Fritzeen v. Trudell Consulting Engineers, Inc., 170 Vt. 632 (2000) (mem.).

pending appeals. For further reference on these efforts, the reader is referred to the recent Vermont Supreme Court decision of <u>In re: Time & Seasons, LLC</u>, 2008 VT 7.[3]

3. Appellants then constructed a separate 950 square-foot gift shop and associated parking, also on the 10.2 acre parcel. Act 250 Land Use Permit Amendment #3W0839-1 was thereafter issued by the District #3 Environmental Commission ("Commission"), authorizing the previously constructed 950 square-foot gift shop, with an access road to be shared with Appellants' bed and breakfast establishment.

4. Appellants later decided to construct a sugarhouse[4] on another one of Mr. Lefgren's adjoining 7.3± acre parcels of land ("7.3 acre parcel") with a separate access from Dairy Hill Road.

5. Appellants' representation that the sugarhouse construction does not itself require an Act 250 permit—because its use is "agricultural"—has not been contested in these court proceedings and does not appear to have been contested in the proceedings which gave rise to the jurisdictional opinions ("JOs") now under appeal.

6. An Act 250 permit question relating to this sugarhouse arose because it was later determined that the preferred access for Appellants' sugarhouse would be along the driveway shared by the bed and breakfast and gift shop. In one of the JOs that is the subject of Docket No. 28-2-07 Vtec (i.e.: JO #3-109) the Coordinator announced her reconsidered determination that the use of the shared driveway as an access road to the sugarhouse, either for its construction or daily operation, constituted a "material change" to the shared driveway, and thereby warrants an amendment to the previous Act 250 permits (i.e., #3W0839 and #3W0839-1).

7. Appellants plan yet another use for the shared driveway[5] on the 10.2 acre parcel: access for a four-lot subdivision of Mr. Lefgren's 34.3± acres of land ("34.3 acre parcel") which is adjacent to his other Royalton parcels to the north and farther from Dairy Hill Road. This proposed four-lot subdivision is below the jurisdictional triggering threshold and therefore does not require Act 250 approval.

---

[3] This appeal to the Supreme Court concerned Appellants' application for authority to construct a 4,852 square-foot gift shop and deli on Mr. Lefgren's 7.3 acre parcel.

[4] We assume that the phrase "sugarhouse" is used to denote a building that will house an evaporator and other equipment used in the manufacture of maple syrup. The components for this particular sugarhouse are not made clear by the application, JOs or other documents on file with the Court.

[5] Some of the sharing of this driveway comes at the recommendation and request of officials from the Town of Royalton, expressed to Mr. Lefgren in the course of the review of his permit application for the sugarhouse.

8.     In JO #3-110, the Coordinator announced her reconsidered determination that the use of the shared driveway as access for the four-lot subdivision constituted a "material change" to the shared driveway, and thereby warrants an amendment to the previous Act 250 permits (i.e., #3W0839 and #3W0839-1).

9.     Appellants filed a timely appeal with this Court from JO #3-109 and JO #3-110. That appeal was assigned Docket No. 28-2-07 Vtec.

10.     Shortly after filing the appeal in Docket No. 28-2-07 Vtec, Appellants advised the Court that while they wished to preserve their appeal rights, they had also decided to apply for the permit amendments directed by the appealed-from jurisdictional opinions.

11.     One other fact pertinent to Appellants' shared driveway is that the 10.2 acre parcel and the 34.3 acre parcel are or will be encumbered by an easement benefitting land owned by Larry F. Trottier,[6] whose property adjoins the 34.3 acre parcel. Mr. Trottier's parcel is improved with a seasonal camp, although it lacks road frontage. He accesses his property by traveling along the shared driveway on the 10.2 acre parcel and continuing through the 34.3 acre parcel.

12.     Appellants thereafter filed an Act 250 Permit amendment application with the District Commission. Their amendment application was assigned application #3W0839-3. Appellants' amendment application included references to the bed & breakfast, the small gift shop, the sugarhouse, the 4 lot subdivision and the easement benefitting Mr. Trottier's seasonal camp.

13.     The cumulative maximum traffic[7] generated for the shared driveway on the 10.2 acre parcel appears to be as follows (stated in one-way vehicle trips/day):

| | |
|---|---|
| Bed & breakfast | (unstated) |
| Small gift shop | 20[8] |
| Sugarhouse | 20 (10 seasonal) |
| 4 lot subdivision | 40 |
| Trottier camp | 10 (seasonal) |
| Total | 90, maximum (20 seasonal) |

---

[6] Mr. Trottier is a co-Appellant and co-Applicant in Docket No. 240-11-07 Vtec.

[7] We use the term "maximum traffic" to denote the maximums allowed by the already issued permits and sought in the pending amendment application. It may be unlikely that the shared driveway would experience 90 one-way vehicle trips in a given day; we note these maximums solely to reference what is or may be permitted under Act 250 by way of the existing permits and the new amendment Appellants now seek.

[8] LUP #3W0839-1 states that the 950 sq. ft. gift shop "project is approved for the following maximum impact: 20 vehicle trips per day." LUP #3W0839 does not specify a maximum number of vehicle trips per day for the bed and breakfast facility. We were unable to determine whether the maximum stated in the -1 permit includes traffic generated by the gift shop and the bed and breakfast operation.

14.    The District Coordinator reviewed Appellants' application #3W0839-3 and issued a jurisdictional opinion (unnumbered; dated October 25, 2007) in which she announced her determination that Appellants' application was incomplete.  Appellants thereafter filed a timely appeal of the Coordinator's determination; that appeal was assigned Docket No. 240-11-07 Vtec.

## Discussion

### I.    Appeal of Jurisdictional Opinions (Docket No. 28-2-07 Vtec).

We first address Appellants' first appeal, which can generally be described as an objection to the District Coordinator's multiple determinations that the increased use of the shared driveway constitutes a "material change" that warrants a permit amendment.  Since Appellants have now filed the amendment application to which they initially objected, one might conclude that this appeal is moot.  However, Appellants have expressed a legitimate concern that a dismissal of this appeal may be interpreted as a foreclosure of their right to continue to contest the need for such a permit amendment application.  Should their permit amendment application be denied, or be granted with conditions that Appellants find objectionable, they wish to preserve their challenge to the need for a permit amendment.

The most effective remedy here appears to be a dismissal of Docket No. 28-2-07 Vtec, in light of its anticipated mootness, but to do so without prejudice as to Appellants' right to request that the Court reopen that appeal, in the event that they do not receive the amended permit that they desire.  Dismissal without prejudice should only be used in limited circumstances, since it implies that an action is not final.  See Reporter's Notes to V.R.C.P. 41(a); see also City of Barre v. Town of Orange, 139 Vt. 437 (1981).  While we recognize that mere use of the phrase "without prejudice" is not dispositive of whether the dismissal is a final adjudication—see In re: Appeal of Armitage, 2006 VT 113, ¶7—we conclude that where, as here, there has been no adjudication of the appeal, the trial court has discretion to set the conditions of a dismissal, including whether a party may request that a matter be reopened.  See City of Barre, 139 Vt. at 439 (where a trial court enters an order of dismissal prior to a hearing on the merits, "the question of res judicata is in the court's discretion.").  For a more efficient use of the Court's and the parties' resources, Docket No. 22-2-07 Vtec is hereby **DISMISSED, WITHOUT PREJUDICE** to Appellants' right to request that it be reopened after the District Commission's review of their permit amendment application is complete.

4

## II. Completeness of amendment applications (Docket No. 240-11-07 Vtec).

### A. Contents of the application and accompanying plan.

We now turn to the issues raised in Appellants' second appeal. Appellants posed a single issue in their Statement of Questions: whether their permit amendment application should be regarded as complete.

Applications for Act 250 permits issued by district commissions are governed by the Act 250 Rules enacted by the Land Use Panel of the Vermont Natural Resources Board. 10 V.S.A. § 6025(a). We are directed to apply those Rules, as they constitute some of "the substantive standards that were applicable before the tribunal appealed from . . .." 10 V.S.A. § 8504(h).

The Act 250 Rules that became effective on October 3, 2007 govern Appellants' permit amendment application. Act 250 Rule 10 sets forth the requirements for an application. Thus, conformance with Rule 10 and all other Applicable Act 250 Rules will result in an application being deemed complete. The NRB Land Use Panel, pursuant to its statutory authority cited above, has also issued guidelines "for the use of commissions and applicants in determining the information and documentation that is necessary or desirable for thorough review and evaluation" of Act 250 permit applications. Act 250 Rule 10(B). The applicable guidelines are entitled "Guide to Applying for an Act 250 Land Use Permit" and were last revised on August 24, 2007 ("2007 Guidelines"). We look to these Guidelines in determining what is recommended for an adequate and complete application.

The threshold question here is: what information must Appellants' permit amendment application contain for the District Commission in the first instance, and this Court, if an appeal is taken, "to fairly and properly review the application." Act 250 Rule 10(B). In reviewing Appellants' amendment application #3W0839-3 (Exhibit 9 to Appellants' motion for summary judgment) and its supporting materials, we noted a number of confusing aspects to the application, most of which were due to the complexity of the procedural history of Appellants' various development plans, and the increase in number of independent uses that will generate traffic for the shared driveway on the 10.2 acre parcel. There was no site map, at least as that term is commonly used, and as it is described in the 2007 Guidelines. Rather, an "Existing Driveway and Road Plan," prepared by Appellants' land surveyor, was included with the application, as was a copy of the hand-drawn site map that was submitted with the municipal permit application for the sugarhouse. The hand-drawn site map was indiscernible to the Court;

5

the "Existing Driveway and Road Plan" contained no property lines for the 10.2 acre parcel, no identification or boundary corners for the adjoining parcels, no topography references and no reference to other existing features, such as intermittent streams, ponds, wetlands, tree lines, power lines, stone walls, fences and the like.

Details such as those listed above would provide a better understanding of the application for the District Commission and this Court. A detailed site map also serves the important purpose of memorializing what was represented by the applicant in these proceedings, which would be useful not only in reviewing this application, but also in any future proceedings concerning the 10.2 acre parcel or the adjoining parcels. All these details are specifically recommended in the 2007 Guidelines at pp. 7–8; we conclude that they need to be included in a site plan submitted with Appellants' application for it to be deemed complete.

Two other points that Appellants raise in their challenge to the District Coordinator's determination warrant mentioning in our analysis of their application's completeness. First, Appellants correctly note that the application is one for amendment to the prior permits. Appellants assert that no reference need be made in the application or site plan to the adjoining properties owned by Messrs. Lefgren and Trottier upon which development is proposed that will generate the traffic that will flow over the shared driveway. We disagree with this assertion for the simple reason that it is difficult to understand and fully appreciate, from the application as it now stands, the interplay between the shared driveway and the various adjoining developments it will serve.[9] We conclude that both the application and the plan offered in support need to be revised in order to include this information before it may be deemed to fulfill the fair and proper review requirements of Act 250 Rule 10(B) and the recommendations of the 2007 Guidelines.

Second, Appellants assert that the sole "project" which is the subject of their amendment application is the one tenth of an acre expansion that was completed, prior to the issuance of any permit, in connection with the construction of the sugarhouse. We disagree. From the materials thus far submitted, it is clear that Appellants have caused a "material change" in the shared driveway in two respects: first, the expansion of the driveway that Appellants reference; second, the significant increase in the maximum daily vehicle traffic that the shared driveway may serve. See Factual Background ¶13, above. These material changes require an amendment to the existing permits. See Act 250 Rule 34(A). Because of the nature of these material changes to

---

[9] It has taken the undersigned many hours, expended over three days, to have a fair understanding of the shared driveway, the adjoining uses and their interplay.

6

the shared driveway on the 10.2 acre parcel, a complete application must include the references recommended in the 2007 Guidelines, including boundary references to the adjoining properties.

One final point referenced in JO #3-110 and Appellants' memorandum warrants our comment: the shared driveway will continue from the 10.2 acre parcel, onto the 34.3 acre parcel, to serve as access for the Trottier parcel. Given the potential impact upon the 10.2 acre parcel shared driveway, we conclude that a complete application must include the specific layout of this continued driveway on the 34.3 acre parcel, as well as the characteristics of the 34.3 acre parcel that adjoin and will access the continued driveway. Only with these disclosures to the District Commission in the first instance or this Court on appeal will there be a full appreciation of the impact upon the 10.2 acre shared driveway by the use originating from the 34.3 acre subdivision and the Trottier seasonal camp. Appellants express a concern in their memorandum that the disclosure of this information will result in Appellants losing their Act 250 exempt status for the adjoining lands. We have searched but remain unaware of a legal foundation for this conclusion.

b.      Are the adjoining properties "involved land"?

The more troublesome determination made by the District Coordinator that Appellants seek to reverse is her conclusion that, because the developments on adjoining lands will use the shared driveway on the 10.2 acre parcel—a parcel already subject to Act 250 jurisdiction—and because title to those adjoining parcels are held by the same entity—Mr. Lefgren—the adjoining parcels should be regarded as "involved land" and collectively subject to Act 250 jurisdiction. See Act 250 Rule 2(C)(5) (defining "involved land").

The doctrine of "involved land" has a long history in the lore of Act 250, but the precedent has mostly been established by determinations from district coordinators, district commissions and the former Environmental Board. The references to this doctrine by our Supreme Court have been fleeting, at best. See In re Green Crow Corp., 2007 VT 137 ¶9 (concluding that the Environmental Board decision from which appellant appealed did not actually rely upon the doctrine of "involved land."); Re: Okemo Realty, Inc., Docket No. 900033-2-EB, Findings of Fact, Conclusions of Law and Order (Vt. Envtl. Bd., May 2, 1996) (reference, but little legal analysis to the application of the doctrine of "involved land" to after-acquired parcels.); and In re Gerald Costello Garage, 158 Vt. 655, 656 (1992) (mem.) (affirming former Environmental Board determination that a parcel adjacent to a parcel being developed

constituted "involved land" for purposes of 10 V.S.A. § 6001(3) and former Environmental Board Rule 2).

The 1996 former Environmental Board decision in the <u>Okemo Realty</u> appeal appears to be based upon facts most similar to the appeal now before us. But this Board decision does not contain the detailed legal analysis that would conclusively assist this Court in rendering its decision. In fact, <u>Okemo</u> contains one important distinction from the case at bar: the development activities that gave rise to the need for an Act 250 amendment application in <u>Okemo Realty</u> occurred upon the lands already subject to Act 250, and not the lands later acquired by the applicant. Here, Appellants propose development activities, otherwise exempt from Act 250 jurisdiction, that are none-the-less the source of the "material change" that have given rise to the need for an amended permit.

We have found no further guidance from the Environmental Board or our Supreme Court and are not aware of any reason to not follow the explicit conclusion of the <u>Okemo Realty</u> Board. Therefore, we conclude that adjacent, after acquired property need not automatically be deemed "involved land" when an permit amendment is sought.


## <u>Conclusion</u>

For all these reasons, we conclude that Appellants' Act 250 applicant #3W0839-3 is not complete, as it does not include all the needed information and detail for a fair and proper review under Act 250 Rule 10(B) and the 2007 Act 250 Guidelines. We further conclude, however, that the adjoining parcels of 7.3 acres and 34.3 acres that Mr. Lefgren acquired afterwards do not constitute "involved lands" as referenced in Act 250 Rule 2(C)(5), such that jurisdiction attaches to those parcels in connection with Appellants' pursuit of an amendment of the Act 250 permits governing the shared driveway on Mr. Lefgren's 10.2 acre parcel.

This completes the current proceedings before this Court in this matter.

Dated at Berlin, Vermont this 15th day of April, 2008.


_____
Thomas S. Durkin, Environmental Judge