### Maurice Callahan & Sons, Inc. v. Harry H. Cooley, Secretary of State of Vermont, and Town of Bennington

[ 220 A.2d 467 ]

April Term, 1966

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed June 7, 1966

*McKee and Clewley* for plaintiff.

*Albert D. Pingree,* Assistant Attorney General, for the State.

*Norton Barber* for the Town.

**Shangraw, J.** This is a bill in chancery brought by the plaintiff, a Massachusetts corporation, against the Secretary of State, State of Vermont, seeking to permanently enjoin this defendant from enforcing certain removal orders pertaining to billboards erected by the plaintiff in the Town of Bennington.

On motion the Town of Bennington was granted leave to become a party defendant. Each defendant filed an answer to the complaint. The cause was heard by the chancellor who made findings of fact. A judgment order and decree followed under the terms of which (1) the action was dismissed as to the defendant, Secretary of State; (2) plaintiff was ordered to remove the signs; and (3) defendant, Town of Bennington, was ordered to reimburse the plaintiff for its loss, plus costs of removal of the billboards, in the amount of Seven hundred seventy-six dollars ($776.00). Plaintiff, and defendant Town of Bennington, have each appealed.

The plaintiff is engaged in the business of erecting billboards for the display of advertising signs along the public highways. Before erecting the six billboards in question plaintiff applied for local permits from the Town of Bennington which were issued January 1964 by the agent of the selectmen of the Town of Bennington.

At the time of the issuance of these local permits, there was in force in the Town of Bennington a valid billboard zoning ordinance which limited the size of the billboards to 40 square feet. The billboards in question were each 240 square feet in size. Their erection was prohibited under the ordinance. The permits were issued by the agent of the selectmen either through mistake or through negligence.

Following the issuance of these permits by the town, the Secretary of State issued permits to the plaintiff for the year 1964 pursuant to the provisions of 9 V.S.A., Chapter 93, entitled Outdoor Advertising. Permits so issued by the Secretary of State are annually renewed, upon payment of the required fee, under the provisions of 9 V.S.A. §3629. The permits issued by the Town of Bennington did not require annual renewals.

Prior to the renewal by the State of permits for these billboards for 1965, the defendant, Secretary of State, was notified by the Town of Bennington that these local permits had been issued in error by the town and had been revoked. Consequently, the Secretary of State

refused to renew the State permits for the year 1965, and removal orders were issued by the Secretary of State under the authority of 9 V.S.A. §§3637-8.

It is the plaintiff's contention that the permits issued by the Town of Bennington may not be revoked, and more particularly to deprive the licensee of the benefit of its expenditures. The defendant, Town of Bennington, contends that the local permits issued to the plaintiff were void, and that the order providing that the town reimburse the plaintiff for its loss was error. The validity of the zoning ordinance in question is not in dispute.

■ A permit for a use prohibited by a valid zoning ordinance, regulation or restriction is void, of no effect and subject to revocation. This is true although the permit has been issued under a mistake of fact. 8 McQuillan Municipal Corporations, 1965 Revised Volume, §25.153; 58 Am. Jur. Zoning §184, at page 1040.

■ Such permit, void in its inception, may be revoked notwithstanding that permittee may have acted upon it, and any expenditures made in reliance upon such permit, are made at his peril. *Giordano* v. *Dumont,* 137 N.J.L. 740, 61 A.2d 245, 6 A.L.R. 2d 956; 101 C.J.S. Zoning §261, at page 1024. See, annotation 119 A.L.R. 1512. The public has an interest in zoning which cannot be set at naught by the unauthorized acts of its officers. *Lynch* v. *Borough of Hillsdale,* 136 N.J.L. 129, 54 A.2d 723.

■ Plaintiff asserts that the defendant, Town of Bennington, is estopped from revoking the permits so as to deprive it of reasonable expenditures made in reliance thereon, citing, *New Haven* v. *Weston,* et al, 87 Vt. 7, 14, 86 Atl. 996. That case is not in point. Only the extent of the town officer's authority was in issue. Here, not only did the agent of the selectmen lack authority to issue permits, but, because of the ordinance the town government itself was barred from making such licensing agreements, as well. Moreover, in issuing a permit under a zoning ordinance, municipal officials are discharging a governmental function, and its citizens cannot be bound or estopped by the unauthorized acts of its officers in pursuance of that function. *McQuillan, supra,* §25.153.

■ That portion of the judgment order directing payment of $776.00 to the plaintiff by the defendant, Town of Bennington, is

unwarranted. There is no basis in the facts bound by the Chancellor sufficient to charge a municipality with liability in negligence within the established doctrine of our cases. *Marshall* v. *Town of Brattleboro,* et als, 121 Vt. 417, 424-5, 160 A.2d 762; *Lemieux* v. *St. Albans,* 112 Vt. 512, 516, 28 A.2d 373.

 Neither is there a foundation for liability on principles of restitution. There has been no unjust enrichment of the municipality, and the use to which the plaintiff's property was devoted was not for any governmental purpose. 38 Am. Jur. Municipal Corporations §516.

*Paragraph 1 of the judgment order and decree dismissing the action as to the defendant, Secretary of State, and paragraph 2 ordering the plaintiff to remove the signs are each affirmed. Paragraph 3 directing that the defendant, Town of Bennington, reimburse the plaintiff for loss, plus costs of removal of signs, in the amount of $776.00 is reversed. Cause remanded.*