## Maurice Callahan & Sons, Inc. v. Harry H. Cooley, Secretary of State et al.

[227 A.2d 400]

December Term, 1966

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed February 7, 1967

*McKee & Clewley* for petitioner.

*Norton Barber* for Town of Bennington.

*Albert Pingree,* Assistant Attorney General, for Secretary of State and Commissioner of Highways.

**Barney, J.** Reported in 126 Vt. 9, 220 A.2d 467, is this Court's review of an action, brought by this plaintiff, to enjoin an order requiring the removal of certain billboards. The Secretary of State and the Town of Bennington were defendants there, as they are here. The plaintiff claimed relief because the billboards were erected under the authority of certain permits issued by the agent of the Bennington selectmen. The lower court found the permits to be invalid and ordered the billboards removed. This Court affirmed that finding and that order.

The plaintiff has now brought a new action opposing the removal order. As grounds, it contends that the billboard zoning ordinance of the town of Bennington, which the removal order seeks to enforce, is invalid. The defendants interposed a motion to dismiss on the grounds that the new litigation of this matter was barred on principles of res judicata. The trial court granted the motion and the plaintiff has brought the question here.

In support of this second proceeding, the plaintiff argues that the validity of the billboard ordinance was never called into question in the first suit. It says that since the first action concerned itself only with the validity of the permits authorizing the original erection of the signs, it is no bar to this suit attacking the ordinance. The plaintiff concedes that there was an unchallenged finding in the first case that the ordinance was valid, but says that, since, in its view, this was an immaterial finding, it ought not to affect its right to bring this proceeding.

In reply, the defendants point to the rule that a judgment concludes parties, not only as to issues actually litigated, but also as to issues which might properly have been tried and determined in that action. This is a long-standing rule. 30A Am. Jur., "Judgments," §383, p. 432-3. It prevails in Vermont. In *Parkhurst* v. *Sumner,* 23 Vt. 538, 541, Judge Redfield put it this way:

> "It is a universal rule in regard to judgments, that all matters, which might have been urged by the party before the adjudication, are concluded by the judgment as to all principal parties and all privies in interest, or estate. . . ."

This rule is determinative of this litigation. The issuance of the permits, called into question in the first action, was based on the authority of the ordinance. The removal order was generated by the prohibition in the ordinance, and, necessarily, the validity of the ordinance underlay the original proceeding attacking the removal order as well as this one. There can be no question but that the first judgment was conclusive of this issue. Dismissal was properly ordered.

*Judgment affirmed.*