### B & E Corporation v. Raymond Bessery and Northern Oil Company, Inc., Trustee

[298 A.2d 544]

No. 178-71

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed December 5, 1972

598

*John T. Sartore, Esq.,* of *Paul, Frank & Collins,* Burlington, for Plaintiff.

*Wool, Agel, Murdoch & Kittell,* Burlington, for Defendant.

**Shangraw, C.J.** This is a civil action brought by the B & E Corporation as assignee and subrogee of the Northern Oil Company, Inc., against Raymond Bessery for breach of a contract between Northern and Bessery. This suit was brought April 17, 1970, and returnable before the District Court of Vermont, Unit No. 2, Chittenden Circuit.

The parties to this suit were previously parties to a suit in Chittenden County Court which resulted in a judgment for the defendant, Raymond Bessery. In the suit now considered the defendant raised the defense of *res judicata* by moving to dismiss on the ground that the plaintiff's suit was barred by the judgment for the defendant in the prior county court action. The motion was granted and the plaintiff has appealed to this Court for review.

Counsel for both parties waived the taking of testimony or the introduction of evidence. In support of defendant's motion to dismiss on the ground of *res judicata,* he attached to and incorporated in the motion Findings of Fact filed in the county court action on April 6, 1970, and the judgment order later issued on April 22, 1970. In connection with the motion to dismiss the plaintiff filed a memorandum of law. In the memorandum the plaintiff set out at length Count 2 of the Complaint in the county court action.

The facts surrounding the district court action, based upon the pleading in this case, together with the Findings of Fact in the county court action, and plaintiff's memorandum, are substantially as follows.

On December 23, 1967, Northern was the owner of certain real estate located in the then Town of South Burlington on Williston Road. Up to December 23, 1967, the premises were leased by Northern to the plaintiff, B & E Corporation, and operated by it as a neighborhood grocery store and gasoline station.

During the evening of December 23, 1967, the assistant treasurer of Northern, the president of B & E Corporation, and defendant, Raymond Bessery, met at the home of the defendant. As a result of this meeting, two documents were executed.

The first document dated December 23, 1967, was a contract of sale between the B & E Corporation to Northern Oil Company, Inc., which transferred to Northern Oil Company, Inc., the stock and fixtures of the store and gasoline station together with all interest which B & E Corporation had in the lease and in the gasoline and oil. The agreement indicated that possession was to be transferred immediately to Northern Oil Company, Inc.

The consideration for the above sale and transfer to be paid by Northern was $7,000.00 less rent and other monies due Northern.

The second document of the same date purported to transfer to the defendant, Raymond Bessery, all stock and fixtures purchased by Northern from B & E Corporation contained in the above first document. By this latter agreement, defendant Bessery agreed to pay to Northern the sum of $7,000.00. Mr. Bessery took possession and began operating the store and gas station. After several weeks he found the venture not to his satisfaction and discontinued the business.

On April 29, 1968, the plaintiff commenced suit against Northern Oil Company, Inc., and Raymond Bessery in the Chittenden County Court. The complaint in that action contained two counts. The first count was directed against Northern and sought damages for the loss caused by North-

ern's failure to make payments under the contract of sale between B & E Corporation and Northern.

The second count alleged that on the night of December 23, 1967, the defendant, Northern, assuming to act as agent on behalf of the defendant, Raymond Bessery, entered into an agreement with plaintiff whereby plaintiff agreed to sell to the defendant, Bessery, stock, fixtures and goodwill in a gasoline station and store located at 1260 Williston Road, South Burlington, Vermont. By this, even though the written agreement of sale was by Northern to Bessery, it appears to be plaintiff's claim that Northern was merely a nominal party and that the real party interested, as sellor, was, in fact, the B & E Corporation. This contract makes no mention of agency.

The county court determined in its findings of fact that while Northern Oil Company became and was involved in the ultimate transfer of the merchandise, fixtures, and goodwill from B & E Corporation, Inc., to the defendant, it was unable to determine and find the capacity in which Northern was involved, or the interest it may have had in the transaction aside and apart from the ownership of the store real estate leased to the plaintiff.

On June 3, 1968, Northern Oil Company, Inc., paid to the plaintiff the sum of $4,586.93 in settlement of the cause of action set forth in Count 1 of the county court action against Northern. On or about June 3, 1968, Northern subrogated and assigned to the plaintiff all claims it had against Bessery. On June 5, 1968, plaintiff filed or caused to be filed with the clerk of the Chittenden County Court a notice of plaintiff's dismissal and discontinuance of the action against Northern.

The county court entered judgment for the defendant on April 22, 1970. Prior thereto, on April 17, 1970, the plaintiff commenced this action in the district court of Vermont. Service was made on the trustee, Northern Oil Company, Inc., on the 22nd day of April 1970, and on the defendant, Raymond Bessery, on April 23, 1970.

The complaint in the district court suit alleges a contract between Northern and Bessery, the subrogation and assignment of the contract rights by Northern to B & E Corporation, and the breach of contract by Bessery.

Of importance is the fact that on June 3, 1968, Northern subrogated and assigned to the plaintiff, B & E Corporation Inc., its claims against Bessery. This was before the county court case was heard on March 24, 1970, before findings of fact were made on April 6, 1970, and before the judgment order was issued in favor of defendant, Bessery, on April 22, 1970. Further, the district court found that the claim of damages of $2,487.10 made by the plaintiff in the district court case is identical with the claim of loss made by the plaintiff in connection with Count 2 of this county court's action as a result of the transactions that occurred on December 23, 1967.

It is a general rule of law, and a wise one, that parties to a judgment are concluded thereby, not only as to issues actually litigated, but also as to issues which might properly have been tried and determined in that action. *Callahan & Sons, Inc.* v. *Cooley*, 126 Vt. 216, 217, 227 A.2d 400 (1967); *Town of Putney* v. *Town of Brookline*, 126 Vt. 194, 203, 225 A.2d 368 (1967); *Johnson* v. *Wells-Lamson Quarry Co.*, 103 Vt. 475, 479–80, 156 A. 681 (1931). In *Parkhurst* v. *Sumner*, 23 Vt. 538, 541 (1851), Judge Redfield put it this way:

> "It is a universal rule in regard to judgments, that all matters, which might have been urged by the party before the adjudication, are concluded by the judgment, as to the principal parties and all privies in interest, or estate . . . ."

The above rule is one of judicial convenience and public policy. Every man and his legal problems are entitled to their day in court. However, no one is entitled to break a case down into a myriad of single issue actions to obtain the desired judgment. Judicial time schedules and fairness to one's opponent prohibit this practice.

Moreover, under 12 V.S.A. § 1071a in force at the time the two actions were brought and tried provides:

> ". . . All persons may be joined in one action as defendants against whom there is asserted jointly, sev-

erally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and as to whom any question of law or fact common to all of them arise in the action. . . ."

Section 1071a was considered for the first time in the case of *John v. Fernandez*, 124 Vt. 346, 205 A.2d 552 (1964), where the court took a liberal posture toward the rule. Quoting from 2 W. Barron & A. Holtzoff, Federal Practice and Procedure § 531, at 178 (Rules ed. rev. C. Wright 1961). "The rule should therefore be liberally construed and applied in practice when consistent with convenience in the disposition of actions." At no time did the plaintiff move to amend his complaint in county court under the provisions of 12 V.S.A. § 1132.

The case at bar deals with a single series of transactions or occurrences which occurred at the home of Mr. Bessery on December 23, 1967, in which all parties were involved, and consequences thereof. Whether the plaintiff relied upon its claim as the sole party plaintiff in interest as a result of the transactions which occurred on December 23, 1967, or on the assignment from Northern to the plaintiff of its claims against Bessery, the rights and liabilities of all parties were proper issues for adjudication in the county court action.

The order of the district court granting defendant's motion to dismiss on the ground of *res judicata* should be affirmed.

*Affirmed.*