# Town of Waterford v. Pike Industries, Inc.

[373 A.2d 528]

No. 302-75

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed April 5, 1977

**Zoning** dispute. Caledonia Superior Court, *Underwood*, J., presiding. *Judgment for defendant.*

*Gary D. McQuesten* of *Richard E. Davis Associates, Inc.*, Barre, for Plaintiff.

*McKee, Giuliani & Cleveland*, Montpelier, for Defendant.

**Daley, J.** In June, 1973, the Town of Waterford petitioned the Caledonia County (now Superior) Court to permanently enjoin Pike Industries, Inc. (hereinafter referred to as Pike) from operating its plant facilities within the town because of its violation of the town's zoning ordinance, and for the recovery of a fine of $25 for each day during which the defendant had been in violation. Pike responded by challenging the validity of the zoning ordinance and by claiming that its plant was actually located in the neighboring Town of Concord. Following a hearing before the trial court, a determination was made of the town boundary line and an order rendered that Pike be permanently restrained and enjoined from operating any portion of its business in the town until such time as it secured a

valid permit; this order is the subject of Pike's appeal to this Court. The Caledonia County Court further ruled that it would be inequitable to assess a fine against Pike as requested by the town; this decision is the subject of the town's cross-appeal.

The asphalt plant on the defendant's property is located in an area zoned residential and, as such, violates the zoning ordinance. In 1970 and 1971, the defendant petitioned the local zoning board of adjustment for a variance for its plant facilities. This variance request was denied by the board and an appeal was taken to the Caledonia County Court which affirmed the board's decision. In *L.M. Pike & Son, Inc.* v. *Town of Waterford*, 130 Vt. 432, 296 A.2d 262 (1972), we affirmed the decision of the county court.

During the course of the proceedings from which this present appeal arose, Pike asserted as an affirmative defense that the town could not rely upon the zoning ordinance for its permanent injunction because of the invalidity of the ordinance. In support of this claim, it offered documentary evidence from the records of the town clerk to demonstrate that the town had failed to comply with the pertinent statutes relating to the enactment of zoning ordinances. However, the trial court, invoking the doctrine of res judicata, ruled that the validity of the ordinance was a matter which could have been litigated during the course of Pike's pursuit of a zoning variance. It therefore held that Pike was barred from raising the claim of invalidity and that the ordinance was to be presumed valid.

■ It is a well-settled rule of law in this jurisdiction that

parties to a judgment are concluded thereby, not only as to issues already litigated, but also as to issues which might properly have been tried and determined in that action. [*B & E Corporation* v. *Bessery*, 130 Vt. 597, 601, 298 A.2d 544 (1972). See also *Hill* v. *Grandey*, 132 Vt. 460, 463-64, 321 A.2d 28 (1974), and *Callahan & Sons, Inc.* v. *Cooley*, 126 Vt. 216, 217, 227 A.2d 400 (1967)].

The question before us is whether Pike is now bound by this general principle of law.

The Town of Waterford admits in its brief that it would be absurd to require a party in the position of the defendant to seek a variance from the board of adjustment and, at the same time, challenge the validity of the zoning ordinance. The board is

precluded by statute from invalidating any development plan or bylaw of any municipality or the implementation or enforcement thereof. 24 V.S.A. § 4473. The town argues, however, that as a result of its appeal to the county court, Pike had a proper forum in which it could litigate the issue of validity. We disagree.

Appeals to the county (now superior) courts from decisions of a board of adjustment are governed by sections 4471 and 4472 of Title 24, V.S.A. While 24 V.S.A. § 4472(a) currently provides for a de novo hearing before the superior court, at the time that Pike took its appeal to the county court this provision was not in effect. The challenge of the validity of the ordinance for failure to comply with statutory procedures of necessity involved the adjudication of factual issues. Since the board could not adjudicate the validity of the ordinance, the county court, with its limited appellate jurisdiction, could not properly make determinations with respect to these factual matters. We therefore hold that, inasmuch as Pike has not had a proper forum in which to challenge the validity of the ordinance, the trial court erred in barring the defendant from raising this issue in the present case. Our ruling is in conformity with the generally accepted view that application for a zoning variance does not foreclose a subsequent challenge to the validity of the ordinance. See 3 R. Anderson, American Law of Zoning § 24.08 (1968); 2 A. Rathkopf, The Law of Zoning and Planning 36-11, § 4 (3d ed. 1972); and 82 Am.Jur.2d *Zoning and Planning* §§ 336 and 362.

The superior court, based on its determination that Pike was barred from challenging the validity of the zoning ordinance, concluded that the ordinance was valid. As we have held, the court's res judicata determination was erroneous; as such, it could not support the conclusion rendered by the court regarding the validity of the ordinance. However, the town, in this action to enforce the ordinance, bore the burden of procuring a finding, based on sufficient evidence, that the ordinance was valid. In this regard, it had to demonstrate that the ordinance was adopted "in accordance with, and subject to, the terms and conditions imposed by the state in the enabling act authorizing the grant of power." *Town of Westford* v. *Kilburn*, 131 Vt. 120, 123, 300 A.2d 523 (1973). It was incumbent upon the town to show strict compliance with these required procedures. *Id.* at 126; *Corcoran* v. *Village of Bennington*, 128 Vt. 482, 493, 266 A.2d 457

(1970). Upon the introduction of evidence tending to show lack of strict compliance with statutory procedures, the presumption of validity disappeared and went for naught. *Tyrrell* v. *Prudential Insurance Co. of America*, 109 Vt. 6, 23-24, 192 A. 184 (1937).

Based upon our review of the evidence presented in this case, we find that the town failed to demonstrate that there was strict compliance with the controlling enabling legislation at the time that the ordinance was purportedly adopted in 1963. This failure of proof on the part of the town is reflected in the absence of a finding of fact by the superior court that the requisite procedural steps were followed. The lack of a finding of fact that the ordinance was properly adopted, when combined with the town's concessions regarding procedural defects in the adoption of the ordinance, requires this Court to hold that the town cannot maintain the present action against the defendant Pike to enforce its claimed zoning ordinance.

Because of our ruling on the issue of the failure of the town to prove the validity of the ordinance, we need not resolve the other issues raised on appeal.

*The judgment of the Caledonia Superior Court is stricken; judgment is to be entered for the defendant with costs.*