R. Douglas Gilmour, Russell Pearl, Virgil Besaw, and Philip Blanchard v. State of Vermont and Town of Barnet

[450 A.2d 1153]

No. 404-80

Present: Barney, C.J., Billings, Hill and Underwood, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed September 7, 1982

*Edwards C. O'Boyle, Jr.,* St. Johnsbury, for Plaintiffs-Appellants.

*John J. Easton, Jr.,* Attorney General, and *Richard M. Finn,* Assistant Attorney General, Montpelier, for Defendant-Appellee State of Vermont.

*Robert G. Cain* of *Paul, Frank & Collins, Inc.,* Burlington, for Defendant-Appellee Town of Barnet.

**Billings, J.** This is an appeal by the plaintiffs from an order of the Caledonia Superior Court dismissing the complaint for damages against the defendant, State of Vermont, and giving summary judgment for the defendant, Town of Barnet.

In 1973 the State instituted condemnation proceedings against certain lands and rights necessary for construction of a portion of Interstate 91 in the Town of Barnet. 19 V.S.A. ch. 5. As part of that action, a strip of land running across Town Highway 59 in the Town of Barnet owned by the Town and 4.15 acres of plaintiffs' land was condemned. Plaintiffs owned two contiguous parcels known as the Chamberlin-

Meserve parcel and the Moore parcel. In the condemnation proceedings these parcels were treated as a single unit, although the 4.15 acres actually came from the Moore parcel. The Chamberlin-Meserve parcel was contiguous to Town Highway 59, which highway provided ingress and egress to that property. No appeal was taken by the plaintiffs from the necessity action, but plaintiffs did appeal the compensation award to the Caledonia Superior Court. 19 V.S.A. § 231. Pursuant to 19 V.S.A. §§ 221–222, plaintiffs were entitled to compensation for the land actually taken as well as the direct and proximate lessening in the value of the remaining land. Although the taking of Town Highway 59 left the so-called Chamberlin-Meserve parcel landlocked, the plaintiffs failed to offer any evidence of severance damage in this regard. Plaintiffs then sought severance damage in this civil action for lack of access because the Town Highway had been blocked off by the taking. The State moved to dismiss on the grounds of res judicata, which the trial court granted. Plaintiffs appeal.

■■ Parties to a judgment under the doctrine of res judicata are not only concluded as to the issues litigated but also to the issues which could have been litigated in that action. *City of Barre* v. *Town of Orange,* 139 Vt. 437, 439, 430 A.2d 444, 445 (1981); *Town of Waterford* v. *Pike Industries, Inc.,* 135 Vt. 193, 194, 373 A.2d 528, 529 (1977). Because the claimed severance damage, due to the loss of Town Highway 59 access, was included in the original necessity petition, it was properly an issue on the damage appeal, 19 V.S.A. § 231, and cannot now be the subject of a second suit. The trial court was correct in dismissing plaintiffs' complaint.

■ Plaintiffs also sought damages against the Town because it failed to follow the procedures mandated for the discontinuance of a highway. 19 V.S.A. § 531. The Town moved for summary judgment with attached affidavits. V.R.C.P. 56. The Town claimed that as it was the State which had condemned part of Town Highway 59 and not the Town, the Town was not liable. The trial court agreed and granted summary judgment. On appeal the plaintiffs claim the trial judge erred as a matter of law in finding that the Town was not liable.

We hold that the trial court's interpretation and application of the pertinent statutes were correct.

19 V.S.A. § 1866a provides as follows:

> (a) The board with approval of the governor may designate and establish new and additional facilities or existing streets or highways as included within a limited access facility. The board with approval of the governor may eliminate intersections at grade of limited access facilities with existing state, state aid and town highways, by grade separation or service road, or by closing off those highways at the right-of-way boundary line of the limited access facility.

19 V.S.A. § 32 provides:

> When by existing statute a duty or liability is imposed upon or power granted to a town or any officer thereof with reference to highways or the laying out, construction, maintenance or the discontinuance of the same, including the provisions of chapters 71, 73 and 75 of Title 30, so far as the same are applicable, such duties, liabilities, and powers so far as they apply to the highways taken over by the board shall be so imposed upon and granted to the state to be performed, assumed and exercised by such board.

The State, through the condemnation proceedings, assumed all of the Town's duties and liabilities with respect to Town Highway 59, and as a result the Town has no liability for the plaintiffs' lack of access to their property from the cutting off of the highway.

*Affirmed.*