### Ralph F. and Rosa L. Converse v. Town of Charleston

[605 A.2d 535]

No. 90-377

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed March 6, 1992

*Steven A. Adler* of *Gensburg Axelrod & Adler*, St. Johnsbury, for Plaintiffs-Appellants.

*David A. Barra* and *Joseph R. Weston* of *Paul, Frank & Collins, Inc.*, Burlington, for Defendant-Appellee.

**Allen, C.J.** Plaintiff property owners appeal from a directed verdict, based on res judicata, for defendant Town of Charleston. We reverse and remand to permit plaintiffs to seek damages for the town's alleged breach of duty to properly maintain the road in question from the date of an earlier action against a neighbor.

Plaintiffs purchased property in Charleston in 1970. A neighbor, believing that he owned the road that provided access to plaintiffs' property, engaged in various tactics designed to prevent use of the road. Ultimately, the neighbor obliterated the road by creating a pond in its place which completely denied plaintiffs motor vehicle access to their property.

Plaintiffs, in an earlier action, sued the neighbor seeking damages and injunctive relief. The superior court joined the town as a defendant pursuant to V.R.C.P. 19. Plaintiffs made no claims against the town at the first trial, and the court did not order the town to do anything as a result of that litigation. After finding that the road belonged to the town, the court issued an injunction against the neighbor requiring him to restore the road and permanently enjoining him from further obstructing the road. This Court affirmed that judgment. *Converse v. Hunter*, No. 84-532 (Vt. April 11, 1986). During the pendency of the appeal and beyond, the neighbor continued to obstruct the road.

In 1987, plaintiffs initiated the instant action against the town, seeking damages and restitution on the theories that the town had breached its duty to keep the road open for public travel and that the town had been unjustly enriched as a result of the first action. The town moved for summary judgment, arguing that plaintiffs were barred by the doctrine of res judicata. The superior court ruled that the resolution of the res judicata issue required factual findings and denied the motion. After plaintiffs presented their case at trial before a different judge, the court found that their claims were barred by res judicata and directed a verdict for the town.

On appeal, plaintiffs maintain that the doctrine of res judicata should not bar their action against the town because the action relied on facts not adduced at the first litigation. They also argue that, based on the "law of the case" doctrine, the pretrial judge's denial of the town's motion for summary judgment based on res judicata precluded the trial judge from granting a directed verdict on the same basis. Finally, they argue that an exception to the "American rule" permits recovery of legal fees incurred during the first litigation. We find that the trial court properly ruled that res judicata barred plaintiffs' claims arising from occurrences prior to the first litigation, and therefore do not address the issue of legal fees related to the suit against the neighbor.

■ Plaintiffs cite *In re Quechee Lakes Corp.* for the proposition that res judicata applies "only where a party seeks to relitigate the identical issues already decided." 154 Vt. 543, 559, 580 A.2d 957, 966 (1990). That narrow statement of the doctrine, although sufficient to decide the matter then before the Court, fails to convey that res judicata also bars issues between parties that could have been litigated in an earlier action. See, e.g., *American Trucking Ass'ns v. Conway*, 152 Vt. 363, 370, 566 A.2d 1323, 1328 (1989) (claim preclusion bars litigation of claims or causes which were or should have been raised in previous litigation); *Gilmour v. State*, 141 Vt. 640, 642, 450 A.2d 1153, 1154 (1982) (res judicata binds parties to a judgment as to issues litigated and as to issues which could have been litigated); *Town of Waterford v. Pike Industries, Inc.*, 135 Vt. 193, 194, 373 A.2d 528, 529 (1977) (res judicata concludes parties as to issues which might properly have been tried and determined in an earlier action).

■ The trial court, at the close of plaintiffs' case, ruled that all of the claims and issues raised could have been brought against the town in the earlier action. After a review of the record considering the evidence in the light most favorable to plaintiffs, we find error in the trial court's application of the law of res judicata. Plaintiffs allege in their complaint that the town breached its common-law and statutory duty to keep the road open for public travel. Any breach of this duty occurring after the first action against the neighbor could not possibly have been addressed in the earlier litigation. Res judicata, therefore,

did not bar plaintiffs' action to the extent it addressed the town's alleged post-judgment breach.

The court correctly concluded, however, that an action for breach of duty based on occurrences before the suit against the neighbor, and for attorney's fees related to that action, did not lie. The parties here were adversaries during the first action once the trial court joined the town as a defendant. Nothing prevented plaintiffs from then bringing claims against the town for failing to maintain the road and for costs associated with that litigation. Plaintiffs elected instead to focus their attention on the neighbor and are barred from initiating new litigation based on facts available at the time of the first action.

On remand, plaintiffs must bear the cost of their own attorney's fees. The general rule is that attorney's fees are not recoverable absent a contractual provision or statute to the contrary. *Highgate Associates, Ltd. v. Merryfield*, 157 Vt. 313, 318, 597 A.2d 1280, 1283 (1991). The exception argued by plaintiffs —that fees may be recoverable where the wrongful actions of one person has involved another in litigation with a third person, see *Welch v. LaGue*, 141 Vt. 644, 646, 451 A.2d 1133, 1135 (1982)—has no application on remand. Res judicata precludes recovery of legal fees related to the first action, and the second litigation does not involve a third person.

Plaintiffs' "law of the case" argument warrants little discussion. That doctrine did not preclude the trial judge from directing a verdict for the town even though the pretrial judge declined to enter summary judgment on the basis of res judicata. The pretrial judge believed that a determination of whether res judicata barred the action against the town required factual development. He did not rule on the merits of the issue, and his ruling did not create law of the case. Even if the pretrial judge had decided the res judicata issue on the merits, the trial judge retained the power to "'reopen what ha[d] been decided.'" *Perkins v. Vermont Hydro-Electric Corp.*, 106 Vt. 367, 415, 177 A. 631, 653 (1934) (quoting *Messinger v. Anderson*, 225 U.S. 436, 444 (1912)). See also *In re Knapp*, 152 Vt. 59, 63, 564 A.2d 1064, 1066 (1989) (second judge, following a hearing on the merits, not bound by first judge's denial of summary judgment motion).

*Reversed and remanded.*