**Stephen BAIN v. Robert HOFMANN**

[993 A.2d 432]

No. 09-262

¶ 1. February 22, 2010. Plaintiff appeals pro se from the dismissal of his complaint on res judicata grounds. We affirm.

¶ 2. Plaintiff is an inmate in the custody and control of the Vermont Department of Corrections (DOC). Plaintiff filed a pro se complaint against the DOC Commissioner in September 2008 and filed an amended complaint in March 2009. He alleged, in relevant part, that he was being denied adequate medical care in violation of his rights. He sought injunctive relief — specifically, an order directing DOC to treat his medical problems consistent with "prevailing medical standards." The State moved to dismiss his complaint on res judicata grounds, and the trial court granted its request.

¶ 3. The court found that plaintiff's complaint alleged, in relevant part, violations of the Eighth Amendment and Equal Protection Clause of the Federal Constitution, as well as a claim under the Americans with Disabilities Act (ADA). Plaintiff stated that he suffered from chronic pain and migraines and that he was previously prescribed methadone, Valium, and Imitrix to treat his symptoms. He alleged that when he was transferred from a Vermont prison facility to an Oklahoma facility in January 2007, he was no longer allowed to take these drugs. Plaintiff further alleged that when he was transferred from Oklahoma to Kentucky in September 2007, he was not receiving any medicine to treat his "severe chronic neuropathic pain and chronic orthopedic pain, and his chronic migraine condition." Plaintiff maintained that because previous doctors prescribed metha-

done and other medications for him, those prescriptions established the "prevailing standard of care," and the failure to prescribe them at other prisons was a violation of that standard. The court found that plaintiff did not explain the basis for his equal protection claim in his complaint.

¶ 4. The court concluded that the suit was barred by the doctrine of res judicata. As it explained, res judicata, or claim preclusion, "bars the litigation of a claim or defense if there exists a final judgment in former litigation in which the parties, subject matter and causes of action are identical or substantially identical." *Berlin Convalescent Ctr., Inc. v. Stoneman*, 159 Vt. 53, 56, 615 A.2d 141, 143 (1992) (quotation omitted). A claim need not be actually litigated in the earlier proceeding; rather, the doctrine "applies to claims that were or should have been litigated in the prior proceeding." *In re Cent. Vt. Pub. Serv. Corp.*, 172 Vt. 14, 20, 769 A.2d 668, 673 (2001); see also *Carlson v. Clark*, 2009 VT 17, ¶ 13 n.4, 185 Vt. 324, 970 A.2d 1269.

¶ 5. The court found that plaintiff had previously filed a similar suit in federal district court in Vermont against the DOC Commissioner and the Corrections Corporation of America (CCA), among others, as well as a suit in federal district court in Oklahoma. These two cases were consolidated, and in December 2008, the federal district court in Oklahoma issued a decision dismissing with prejudice plaintiff's claim that the Eighth Amendment required him to be provided with the medication he sought. See *Bain v. Corr. Corp. of Am.*, No. CIV-08-332-F, 2008 WL 5142420, at *8 (W.D. Okla. Dec. 5, 2008). The federal court found that alternate treatment was available to plaintiff and that a mere disagreement over the proper course of treatment and medications did not violate the Eighth Amendment.

¶ 6. Plaintiff maintained that he was advancing a new claim in state court

based on his treatment in Kentucky, but the trial court rejected this argument. It found that plaintiff sought the same relief in the present case that he sought in his earlier case, using the same theory. The Oklahoma court had already ruled, in essence, that the failure to prescribe methadone and Imitrix to plaintiff did not violate the Eighth Amendment. While plaintiff's complaint involved inaction by a different facility, it was merely a continuation of the conduct addressed in the earlier lawsuit — an ongoing denial of the medications plaintiff desired. The court reasoned that plaintiff's claim therefore involved the same course of conduct by DOC, a named defendant in both cases. Thus, because the current complaint presented the same essential cause of action as that presented earlier, and rested on the same evidence, the court concluded that it was barred by res judicata. The court also found that plaintiff failed to elucidate the basis for his equal protection claim, mentioning it only in one sentence in his complaint. The court reasoned that because no facts were alleged other than those that also formed the basis for the Eighth Amendment and ADA claims, this claim too was barred by principles of res judicata, in that the claim could or should have been litigated in the earlier proceeding. Finding all of plaintiff's claims barred, the court dismissed his complaint with prejudice. This appeal followed.

¶ 7. Plaintiff asserts that he has a valid claim for violation of the Eighth Amendment. He also argues that his earlier lawsuits in federal court should not foreclose him from filing a state law claim in state court. He suggests, for the first time on appeal, that the state constitutional provision prohibiting cruel and unusual punishment is more protective than that set forth in the Federal Constitution. He asserts for the first time that the Oklahoma court lacked jurisdiction to rule on his claim because he was trans-

ferred to Kentucky before that decision issued, and he also suggests that that court's decision was not final for purposes of res judicata. Additionally, he attempts to state an equal protection claim for the first time on appeal.

¶ 8. We do not address any of plaintiff's arguments that are raised for the first time on appeal. See *Bull v. Pinkham Eng'g Assocs.*, 170 Vt. 450, 459, 752 A.2d 26, 33 (2000) ("Contentions not raised or fairly presented to the trial court are not preserved for appeal."). This includes plaintiff's assertion that the state constitution provides him greater protection against "cruel and unusual punishment" than the Eighth Amendment, his attack on the jurisdiction of the Oklahoma court, and his newly stated grounds in support of his equal protection claim.

¶ 9. We agree that plaintiff's complaint is barred on res judicata grounds. As the trial court recognized, the doctrine of res judicata serves to "protect the courts and the parties against the burden of relitigation, encourage reliance on judicial decisions, prevent vexatious litigation and decrease the chances of inconsistent adjudication." *Berlin Convalescent Ctr., Inc.*, 159 Vt. at 57, 615 A.2d at 144. Under the doctrine, "a final judgment in previous litigation bars subsequent litigation if the parties, subject matter, and cause(s) of action in both matters are the same or substantially identical." *Faulkner v. Caledonia County Fair Ass'n*, 2004 VT 123, ¶ 8, 178 Vt. 51, 869 A.2d 103.

¶ 10. In this case, as recounted above, plaintiff sued the DOC Commissioner, among others, in federal court, complaining that he was not receiving necessary medical treatment while incarcerated. While the Commissioner was dismissed from the federal court case on mootness grounds, we agree with the State that the Commissioner is in privity with CCA here for purposes of res judicata. As we have explained, "[a] privity relationship generally involves a party so identified in inter-

est with the other party that they represent one single legal right." *Lamb v. Geovjian*, 165 Vt. 375, 380, 683 A.2d 731, 735 (1996) (quotation omitted); see also *First Wis. Mortgage Trust v. Wyman's, Inc.*, 139 Vt. 350, 358-59, 428 A.2d 1119, 1124 (1981) (for purposes of res judicata, test for privity is whether parties have substantially the same interest in successive proceedings). The CCA's authority over petitioner is derived exclusively from the Commissioner. See 28 V.S.A. § 102(b)(5). Plaintiff was placed at the out-of-state facilities by the Commissioner, and both CCA and the Commissioner share the same legal interest in these proceedings — namely, determining whether the failure to provide plaintiff with certain medication is unlawful. See *State ex rel. Barksdale v. Litscher*, 2004 WI App. 130, ¶ 14, 685 N.W.2d 801 ("Privity compares the interests of a party to a first action with a nonparty to determine whether the first action protected the interests of the nonparty." (citation omitted)). Moreover, plaintiff does not challenge any acts of the Commissioner in this case that are distinct from acts of the CCA prison facilities. To the contrary, plaintiff seeks relief — access to certain medicine — interchangeably from both the Commissioner and CCA. We conclude that under these circumstances the privity requirement is satisfied.

¶ 11. The trial court also correctly found that plaintiff raised claims that were or should have been raised in the earlier litigation. See *Merrilees v. Treasurer*, 159 Vt. 623, 624, 618 A.2d 1314, 1316 (1992) (mem.) ("Res judicata bars parties from relitigating, not only those claims and issues that were previously litigated, but also those that could have been litigated in a prior action."). All of plaintiff's claims rest on the same facts — the refusal to provide plaintiff with the medicine he seeks — despite plaintiff's

attempt to couch them differently. Plaintiff's Eighth Amendment argument has been finally decided against him, and his related claims should have been brought in his first suit. Plaintiff cannot now raise the same essential claim, seeking the same relief, for a second time. See *Faulkner*, 2004 VT 123, ¶ 8 (doctrine of claim preclusion rests on the "fundamental precept that a final judgment on the merits puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever" (quotations omitted)). Finally, there is no support for plaintiff's suggestion that the Oklahoma decision was not a final judgment on the merits. The requirements of res judicata are satisfied in this case, and plaintiff's complaint was properly dismissed.

*Affirmed.*