*Brandt v. Pallito*, 638-10-15 Wncv (Teachout, J., Sept. 1, 2017)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 638-10-15 Wncv** |

**JEFFREY-MICHAEL BRANDT**
      **Plaintiff**

      **v.**

**ANDREW PALLITO, Commissioner, Vermont
Department of Corrections, and
DAVID TURNER, Facilities Executive**
      **Defendants**

### DECISION
### The State's Motion for Summary Judgment

Inmate–Plaintiff Jeffrey-Michael Brandt seeks an accommodation from the Department of Corrections allowing him to wear plastic body jewelry in piercings that he already has and to possess a book called The Piercing Bible. He alleges that these are in keeping with his professed religious beliefs in the Church of Body Modification. The State has filed a motion for summary judgment arguing that both claims are barred by the doctrine of res judicata as they were or should have been litigated in a prior case brought by Mr. Brandt which resulted in a final judgment in the State's favor. The State argues that, in any event, its compelling interests in safety and security foreclose Mr. Brandt's requests.

In the complaint, Mr. Brandt cites three legal bases for his claim: the Free Exercise Clause of the U.S. Constitution, the corresponding provision of the Vermont Constitution, Vt. Const. ch. I, art. 3, and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc–2000cc-5 (RLUIPA). RLUIPA provides that:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—
> > (1) is in furtherance of a compelling governmental interest; and
> > (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). This standard is substantially more protective of free exercise rights than the First Amendment, *Cutter v. Wilkinson*, 544 U.S. 709, 714–16 (2005), and presumably the Vermont Constitution. See also *Holt v. Hobbs*, 135 S.Ct. 853, 863 (2015) ("But RLUIPA . . . contemplates a 'more focused' inquiry and 'requires the Government to demonstrate that the compelling interest test is satisfied through application of the challenged law 'to the person'— the particular claimant whose sincere exercise of religion is being substantially burdened."

(citations omitted)); but see *Sossamon v. Texas*, 563 U.S. 277, 285 (2011) (RLUIPA does not operate to waive a State's sovereign immunity to damages claims); *Holland v. Goord*, 758 F.3d 215, 224 (2d Cir. 2014) ("RLUIPA does not authorize claims for monetary damages against state officers in either their official or individual capacities.").[1]

In this case, it is unnecessary to address Mr. Brandt's constitutional claims. If Mr. Brandt is entitled to relief under RLUIPA, there will be no reason for a constitutional decision. If he is not entitled to any relief under RLUIPA, he also would not be entitled to any relief on his constitutional claims and there would be no need for any constitutional decision. "[I]t has long been judicial policy not to address constitutional questions unless their determination is essential to disposition." *State v. Baxter*, 145 Vt. 295, 299 (1984).

*Res judicata*

In a 2011 case, Mr. Brandt challenged a DOC decision prohibiting him from wearing body jewelry. *Brandt v. Pallito*, No. 525-8-11 Wncv. Summary judgment was entered for the State on August 22, 2012, affirming the decision against body jewelry. According to the docket sheet, final judgment was entered the following day. Mr. Brandt did not appeal. Nearly a year later, he sought to re-open. The motion to re-open was denied. Mr. Brandt appealed that decision, but it was affirmed. Accordingly, the final judgment in the case stands.

The State argues that the final judgment bars *both* claims in this case because it expressly addressed the body jewelry issue and Mr. Brandt should have raised his Piercing Bible issue then as well. Mr. Brandt argues that he should be able to raise the jewelry issue again because an assistant warden in a different facility from the current one at some point permitted him to wear body jewelry. He should be able to raise the Piercing Bible issue now, he argues, because there was no dispute about that at the time of the prior litigation.

"[T]he doctrine of res judicata serves to 'protect the courts and the parties against the burden of relitigation, encourage reliance on judicial decisions, prevent vexatious litigation and decrease the chances of inconsistent adjudication.' Under the doctrine, 'a final judgment in previous litigation bars subsequent litigation if the parties, subject matter, and cause(s) of action in both matters are the same or substantially identical.'" *Bain v. Hofmann*, 2010 VT 18, ¶ 9, 187 Vt. 605 (citations omitted).

The prior litigation squarely addressed the jewelry issue and squarely ruled on it in the State's favor. The judgment is final. Res judicata applies. If true that a corrections official in a different facility nevertheless allowed Mr. Brandt at some point to wear jewelry, the court fails to see how having done so would operate to nullify the finality of the judgment. The policies favoring finality and the doctrine of res judicata did not stop applying in those circumstances and would not support relitigating the same issue a second time.

Res judicata does not apply to Mr. Brandt's claim about The Piercing Bible, however. The State's argument essentially is that when Mr. Brandt brought up one claim based on his purported religious beliefs, he should have brought up all future potential claims. There is,

---

[1] There is no damages claim in this case.

however, no dispute that when the prior litigation was brought, there was no controversy over access to piercing books. That controversy first arose subsequently. The doctrine of res judicata does not require a party to raise claims that are not yet ripe or to seek advisory decisions. This is not a case where Mr. Brandt impermissibly split his claims. See *State v. Carroll*, 171 Vt. 395, 398 (2000) (discussing the rule against claim splitting).

*The Piercing Bible*

The question, then, is whether the State is entitled to summary judgment to the effect that, under the PLRA, its policy that prevents Mr. Brandt from having access to The Piercing Bible is "in furtherance of a compelling governmental interest" and "is the least restrictive means of furthering that compelling governmental interest."[2]

According to the State, The Piercing Bible includes photographs of genital and nipple piercings that violate its policy against nudity and its policy against nudity serves a compelling interest in safety and security. The court accepts that prohibition of such photographs serves a compelling interest in safety and security.

The State goes on to assert in an entirely conclusory manner that barring the book entirely is the least restrictive means of furthering that compelling interest. The State nowhere explains that assertion. The Piercing Bible presumably contains photographs of nudity and photographs and other material that do not violate its policy and for which the State has advanced no interest in barring. There is no evidence that the DOC considered redaction, which may or may not be realistic. See *Borzych v. Frank*, 439 F.3d 388, 391 (7th Cir. 2006) (allowing books advocating violence to be banned entirely because redaction "is not a realistic option" where books are long and objectionable materials appears throughout). Since there is no showing that banning the book is the least restrictive means of furthering the government's compelling interest, the State's motion must be denied.

ORDER

For the foregoing reasons, the State's motion for summary judgment is *denied*. A pretrial status conference will be scheduled.

Dated at Montpelier, Vermont this 1st day of September 2017.

_____
Mary Miles Teachout
Superior Judge

---

[2] The State's motion does not address whether barring The Piercing Bible, which apparently is not published or specifically recommended by the Church of Body Modification, in its entirety places a "substantial burden" on Mr. Brandt's exercise of religious beliefs. The court assumes for summary judgment purposes only that it does. At trial Mr. Brandt would have the burden of showing that denial of possession of this particular book places a substantial burden on the exercise of his religion.

3