NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2018 VT 27

No. 2017-305

| | |
|---|---|
| John Moyers | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Addison Unit, |
| | Civil Division |
| | |
| Sheun Lai Poon and Brenda Lee Poon | January Term, 2018 |

Samuel Hoar, Jr., J.

Andrew Jackson, Bristol, for Plaintiff-Appellee.

Elizabeth M. Demas of Clarke Demas & Baker, PLLC, Burlington, for Defendants-Appellants.


PRESENT: Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.


¶ 1. **EATON, J.** Following a decision from a three-justice panel of this Court issued on June 26, 2017,* involving these parties and this litigation and affirming a final judgment order, the civil division attempted to conduct further hearings as if the matter had been remanded. The Poons challenged continuation of the litigation by the trial court, asserting that, in the absence of an express remand from the Supreme Court in the June 26th decision, the trial court lacked subject matter jurisdiction to conduct further hearings. The trial court denied the motion and the Poons were granted permission by the Supreme Court to appeal the denial on an interlocutory basis. We reverse.

---

\* Moyers v. Poon, No. 2016-432, 2017 WL 2963438, at \*6 (Vt. June 26, 2017) (unpub. mem.), https://www.vermontjudiciary.org/sites/default/files/documents/eo16-432_0.pdf [https://perma.cc/A9NB-BWYM].

¶ 2.    This litigation, with a tangled procedural history, concerns a dispute over the use of a driveway near commercial buildings in Bristol.  Plaintiff, John Moyers, initially filed suit against defendants, Sheun Lai Poon and Brenda Lee Poon, who own a nearby building, alleging that he owned the driveway and that the Poons' use of it for deliveries and storage of waste containers and fuel tanks constituted a trespass.  Moyers sought damages and injunctive relief for the trespass.  The Poons counterclaimed, asserting they had a right to use the driveway for various commercial purposes, including, but not limited to, receiving deliveries.  The Poons claimed the right to use the driveway either due to a prescriptive easement or because they had acquired a possessory interest through adverse possession.  While asserting that they had prescriptive or adverse possession rights, the Poons did not acknowledge that Moyers was the titled owner of the property. The specifics of the various claims and counterclaims are set forth in our earlier decision and are not necessary to recount here.  See Moyers, No. 2016-432, 2017 WL 2963438, at *1-2 (outlining underlying facts and parties' claims).

¶ 3.    Moyers moved for summary judgment, asserting he was the titled owner of the property and that the Poons could not establish any prescriptive rights through adverse possession. In his pleadings, Moyers admitted to the existence of a deeded right for the Poons to use the driveway for deliveries.  The extent of the Poons' easement for deliveries was not established.  The trial court granted summary judgment in favor of Moyers on the Poons' claims for prescriptive and possessory rights in the driveway.  The trial court's summary judgment decision did not address Moyers's claims for damages or injunctive relief based upon trespass and did not address whether the Poons had exceeded the scope of any deeded right to use the driveway for deliveries.

¶ 4.    Subsequent to the summary judgment decision, the trial court considered additional motions, including Moyers's motion to dismiss claims seeking damages for trespass and shared driveway expenses and Poons' motion to amend the summary judgment decision because no deeded right of access had been produced.  The Poons did not oppose the motion to dismiss the

2

claim seeking damages for trespass. The motion was confusing in that it also sought the entry of a final judgment in connection with the summary judgment decision, despite the fact that the trespass claim had not been adjudicated. The motion was reasonably interpreted by the trial court as seeking to dismiss the trespass claim in its entirety; this was only clarified by Moyers filing an objection to that characterization of the motion asserting that he was still seeking injunctive relief. In its order on the Poons' motion to amend, the court also clarified its determination that a right of access by the Poons to use the driveway existed either through a deed right or through the admission by Moyers of a deeded right to access for deliveries whether an actual deeded right existed.

¶ 5. Following its clarification of the summary judgment ruling, the trial court entered final judgment in favor of Moyers on the prescriptive and adverse possession claims and enjoining the Poons from using the driveway other than for accessing deliveries, despite no judicial determination or admission by the Poons that a trespass was occurring. Both parties appealed, the Poons arguing the grant of summary judgment was in error and Moyers arguing he was entitled to further and more specific injunctive relief. These appeals formed the basis of this court's June 26th decision.

¶ 6. In the June 26th decision, this court affirmed the trial court's decision in all respects except for the grant of injunctive relief, which was struck. Moyers, 2017 WL 2963438, at *6. ("The second-to-last sentence of the court's final judgment order of December 12, 2016, is stricken. In all other respects, the judgment is affirmed."). In the absence of a finding that the Poons had trespassed, we held there was no entitlement to an injunction. Id. at *5-6. The court did not remand the case to the trial court for determination of trespass. Id.

¶ 7. Neither party filed a motion to reargue the June 26th decision pursuant to V.R.A.P. 40. Accordingly, the mandate affirming the trial court's final order issued pursuant to V.R.A.P. 41 twenty-one days following the June 26th decision.

3

¶ 8.     Three days after the three-justice decision, Moyers filed a motion for hearing on trespass in the trial court.  That motion did not acknowledge the absence of a remand from this Court.  The Poons responded to the request to schedule a hearing on trespass with a motion to dismiss for lack of subject matter jurisdiction, asserting the absence of a remand in this Court's decision divested the trial court of subject matter jurisdiction to conduct further proceedings in this matter.  The Poons further asserted that res judicata barred any opportunity for the trial court to consider the trespass claim further.  The trial court denied the motion to dismiss in a brief entry order.  This interlocutory appeal followed.

¶ 9.     We have long recognized that unless a remand is ordered when the final judgment or decree is entered in the Supreme Court, the lower court is without jurisdiction to consider the case further.  Turner v. Bragg, 114 Vt. 334, 336, 44 A.2d 548, 549 (1945) ("[U]nless a remand is ordered when final judgment or decree is rendered in this Court, or later obtained on motion, a chancellor or court of chancery has no further jurisdiction in the cause.").  A motion to reargue is for the purpose of correcting points of law or fact which the movant believes the court has erroneously considered.  V.R.A.P. 40(b)(1).  Such a motion is required to "state with particularity the points of law or fact . . . that the moving party believes the Court has overlooked or misapprehended and that would probably affect the result."  Id.  If Moyers felt a remand was necessary to consider the trespass claim, his remedy was to file for reargument seeking a remand to the trial court.  He did not do so.  To proceed as he did, by filing a motion in the trial court where there had been no remand, ignores the finality of Supreme Court decisions and sets the trial court potentially at odds with the appellate court.  "It is the rule that a mandate or an order of remand is necessary to reinvest the lower court with jurisdiction to proceed with the case."  Sanders v. Loyd, 364 S.W.2d 369, 371 (Tenn. Ct. App. 1960).

¶ 10.     The Poons are correct that the trial court is without jurisdiction to consider the instant case further and the motion to dismiss for lack of subject matter jurisdiction should have

4

been granted. The judgment rendered June 26th by this Court, which did not include a remand, was final. Moyers, 2017 WL 2963438, at *6.

¶ 11. To remove uncertainty in the event of a future suit between these parties, we address the Poons' additional contention that res judicata, also known as claim preclusion, bars the trial court from further consideration of any trespass claim for damages or injunctive relief as a result of the final judgment previously rendered. Res judicata "bars the litigation of a claim or defense if there exists a final judgment in former litigation in which the parties, subject matter and causes of action are identical or substantially identical." Berlin Convalescent Ctr., Inc. v. Stoneman, 159 Vt. 53, 56, 615 A.2d 141, 143 (1992) (quotation omitted). It is not necessary for a claim to have been litigated for res judicata to apply; it is enough if the claim "should have been litigated in the prior proceeding." Bain v. Hoffman, 2010 VT 18, ¶ 4, 187 Vt. 605, 993 A.2d 432 (mem.). The purpose of the res judicata doctrine is to promote the finality of judgments and conserve the resources of courts and litigants. "Invocation of res judicata . . . relieves parties of the cost and vexation of multiple lawsuits, conserves judicial resources, and, by preventing inconsistent decisions, encourages reliance on adjudication." Pomfret Farms Ltd, P'ship v. Pomfret Assoc., 174 Vt. 280, 284, 811 A.2d 655, 659 (2001) (quotation omitted). We have further recognized that, "[t]he policies underlying the doctrine of claim preclusion are so fundamental to our precedent-based legal system that the U.S. Supreme Court has refused to recognize public policy and simple justice as rationales for avoiding the doctrine's strict application." Faulkner v. Caledonia Cty. Fair Ass'n, 2004 VT 123, ¶ 10, 178 Vt. 51, 869 A.2d 103 (quotations omitted). The final judgment in this case bars relitigation of an alleged trespass by the Poons that was or could have been litigated in this action.

¶ 12. A subsequent suit seeking an injunction or damages from trespass may not be barred, however, if it is based on facts that could not have been addressed in the first litigation because this would amount to a new cause of action. See id. ¶ 11 (explaining that determining

whether two causes of action are similar for claim preclusion turns on whether same evidence supports the claims).  Any subsequent suit by Moyers seeking an injunction for trespass will have to demonstrate a current continuing trespass or the threat of one.  As we stated in Evans v. Cote, "A permanent injunction may be awarded in response to a continuing trespass because damages are inadequate to address the wrong."  2014 VT 104, ¶ 8, 197 Vt. 523, 107 A.3d 911.  Because Moyers must show immediate and irreparable harm to receive an injunction, a future claim seeking injunctive relief against an ongoing trespass, or the threat of one, would not be barred, nor would claims for damages for injuries which occurred after the previous case.  See Converse v. Town of Charleston, 158 Vt. 166, 168-69, 605 A.2d 535, 537 (1992) (holding that res judicata did not bar plaintiffs' action that was based on breach occurring after judgment in prior suit).

Reversed.

FOR THE COURT:

Associate Justice

6