*Boule v. Menard*, No. 553-12-17 Wrcv (Gerety, J., Sept. 17, 2018).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

SUPERIOR COURT
Windsor Unit

CIVIL DIVISION
Docket No. 553-12-17 Wrcv

Robert Boule v. Lisa Menard, et al.

## DECISION ON MOTION FOR SUMMARY JUDGMENT

Count 1, punitive damages (553-12-17 Wrcv)
Count 2, punitive damages (553-12-17 Wrcv)
Count 3, punitive damages (553-12-17 Wrcv)

Title:        Motion for Summary Judgment (Motion 5)
Filer:        Robert W. Boule, Plaintiff
Attorney:    Pro se
Filed Date:   April 17, 2018

Response filed by Robert C. Menzel, Attorney for Defendant Lisa Menard on May 16, 2018.

Plaintiff's motion for summary judgment is **DENIED**.

Plaintiff Robert W. Boule, pro se, moves for summary judgment pursuant to V.R.C.P. 56. In his affidavit and statement of undisputed material facts submitted in support of his motion, Plaintiff, an inmate committed to the custody and control of the Vermont Department of Corrections (DOC), sets forth allegations regarding his March 2016 suspension from employment with the Southeast State Correctional Facility (SESCF) kitchen and the alleged payments he lost as a result. In particular, Plaintiff alleges, *inter alia*, that he is diagnosed with and suffers from legally protected disabilities under the Americans with Disabilities Act, that at the time of his suspension or termination from employment he was prescribed and taking medication which caused him to urinate frequently, that his need to use the restroom led to his brief absence from the kitchen, and that, subsequently, Defendant Heindman unlawfully retaliated against him for being a person diagnosed with qualified disabilities.

We review a grant of summary judgment de novo, under the same standard as the trial court. *Bixler v. Bullard*, 172 Vt. 53, 57, 769 A.2d 690, 694 (2001). We will uphold a grant of summary judgment if we agree that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Id.* (quotations omitted); see V.R.C.P. 56(a).

*Res judicata*, or claim preclusion, bars "the litigation of a claim or defense if there exists a final judgment in former litigation in which the 'parties, subject matter and causes of action are identical or substantially identical.'" *Berlin Convalescent Center, Inc., v. Stoneman,* 159 Vt. 53, 56, 615 A.2d 141 (1992) (citation omitted). "The doctrine does not require that claims must have been actually litigated in an earlier proceeding; rather, res judicata 'bars parties from litigating claims or causes of action that were or should have been raised in previous litigation.'" *Lamb v. Geovjian*, 165 Vt. 375, 380 (1996) (citing *Merrilees v. Treasurer*, 159 Vt. 623, 624 (1992) (mem.). The rationale of claim preclusion is to "protect the courts and the parties against the burden of relitigation, encourage reliance on judicial decision, prevent vexatious litigation and decrease the chances of inconsistent adjudication." *Berlin*, 159 Vt. at 57, 615 A.2d 141.

Here, the Court agrees with Defendants' assertion that Plaintiff previously challenged the propriety of his termination from the SESCF kitchen employment in the matter *Boule v. Menard*, 325-6-16 Wrcv, in which the Court dismissed the case as moot and for lack of subject matter jurisdiction with respect to the monetary damages sought. Additionally, Defendants correctly observe that, on appeal, the Vermont Supreme Court affirmed the Court's decision and held that the issue of his alleged disability had been waived due to Plaintiff's failure to raise it during the administrative grievance proceedings. *Boule v. Menard*, No. 2017-242, slip op. at 1 (Vt. Jan. 8, 2018) (unpublished mem.).

The Court finds unavailing Plaintiff's argument that Defendants Touchette and Heindman are not substantially identical to the prior parties, where both are employees and therefore agents of the DOC. See Restatement (Third) of Agency 7.07(3)(a) (stating that, for purposes of vicarious liability, "an employee is an agent whose principal controls or has the right to control the manner and means of the agent's performance of work"); cf. *Bain v. Hoffman*, 2010 VT 18, 187 Vt. 605 (holding that Corrections Corporation of America was in privity with the DOC for purposes of *res judicata*, explaining that "[a] privity relationship generally involves a party so identified in interest with the other party that they represent one single legal right"). Further, as Defendants contend, Defendants Touchette and Heindman were both involved in the incident underlying the previous suit and it is clear that the instant claims against them could have been raised in the prior proceeding, to the extent the disability claims had been preserved.

While Plaintiff contends that he did not fail to raise and preserve the issues pertaining to his disability and its relevance to the actions/inactions alleged in his Complaint, the copies of the grievance forms he has submitted reflect otherwise. Although there are a couple of references to his need to take a water pill and use the bathroom, there is no mention of a

"serious medical condition," a specific medical diagnosis, or any type of disability.[1]  As noted, the Vermont Supreme Court has held that Plaintiff waived the issue regarding his alleged disability by failing to raise it during the administrative grievance proceedings and we are without authority to hear and decide it now.  See *Pratt v. Pallito*, 2018 VT 22, ¶ 16, 204 Vt. 313, 325 ("to properly preserve an issue, a party must present the issue to the administrative agency 'with specificity and clarity in a manner which gives the [agency] a fair opportunity to rule on it'"); see also *Boule*, No. 2017-242, slip op. at 1.

Because the parties, subject matter and causes of action raised in the instant case are identical or substantially identical to those previously raised in the earlier suit, the dismissal of which was affirmed on appeal, the Court concludes that Plaintiff is precluded from again raising these claims.  Accordingly, Plaintiff's motion for summary judgment must be denied.

Dated this 14th day of September, 2018.


_____
Robert P. Gerety, Jr.
Superior Court Judge

---

[1] On the other hand, there is at least one statement in which Plaintiff raises the notion that the staff were engaging in "retaliation" against him once he was "grieving them."  That issue is not before the Court.